87 N.J. Super. 480 (1965)
210 A.2d 74
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JAN COLWELL HALL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 12, 1965.
Decided May 4, 1965.
*481 Before Judges GOLDMANN, SULLIVAN and LABRECQUE.
Mr. Arthur J. Lesemann argued the cause for appellant (Mr. Benedict E. Lucchi, attorney; Messrs. Greenstone, Mazer & Lesemann, of counsel).
Mr. Carlos Peay, Jr., legal assistant, argued the cause for respondent (Mr. Guy W. Calissi, Bergen County Prosecutor, attorney).
The opinion of the court was delivered by SULLIVAN, J.A.D.
Defendant was convicted of seduction under N.J.S. 2A:142-2 which provides:
*482 "Any single man over the age of 18 years who, under promise of marriage, has sexual intercourse with a single female of good repute for chastity, under the age of 21 years, she thereby becoming pregnant, is guilty of a high misdemeanor.
If the offender marries the female at any time before sentence, the sentence shall be suspended and he shall be discharged from custody; and if he marries the female after sentence, he shall be discharged from imprisonment."
It is unnecessary to set forth the details of the unhappy affair except to note that it is not disputed that the prosecutrix was under the age of 21 years, defendant had sexual intercourse with her on the date alleged, and she became pregnant.
At his trial defendant denied that he had promised to marry the prosecutrix or that he had sexual intercourse with her under promise of marriage. Nor would he admit that he was the father of the child born to the prosecutrix, although he admitted the truth of prosecutrix's story that he had intercourse with her on the day the child was allegedly conceived.
The jury returned a verdict of "guilty as charged" and defendant received a sentence of four to six years in State Prison. Judgment of conviction was duly entered. Defendant has appealed from said judgment. During the pendency of the appeal the prosecutrix married another man. Defendant, pursuant to leave granted by this court, thereupon moved before the trial court for an order discharging him from the sentence of imprisonment. (Actually, defendant had been admitted to bail, which has been continued pending appeal.) The matter was heard by a judge other than the trial judge and defendant's motion was denied in an opinion reported at 85 N.J. Super. 312 (Cty. Ct. 1964). Defendant has also appealed this ruling. Both appeals have been consolidated.
The appeals present six arguments for reversal: (1) the State failed to prove an essential element of the crime, namely, that the alleged promise of marriage was the inducing cause of prosecutrix's engaging in sexual intercourse with defendant; (2) the trial court failed to properly charge the jury as to that essential element of the crime charged; (3) the trial court rejected defendant's attempt to show that *483 the alleged promise of marriage was not the inducing cause of prosecutrix's engaging in sexual intercourse; (4) defendant's motion for a post-trial examination of two jurors should have been granted; (5) the sentence imposed on defendant of four to six years in State Prison is manifestly excessive, and (6) the trial court should have granted defendant's motion to be discharged from imprisonment by reason of the marriage of the prosecutrix.
We have canvassed the entire record and conclude that the State produced adequate evidence from which the jury could have found beyond a reasonable doubt that defendant had promised to marry the prosecutrix and that such promise was the inducing cause of her engaging in sexual intercourse with him. So, too, we find in the court's charge adequate instructions that such inducement was an essential element of the crime. Nor do we see any merit to the contention that the trial court rejected defendant's attempt to show that the promise of marriage was not the inducing cause of prosecutrix's engaging in intercourse with defendant. The questions asked of prosecutrix on cross-examination by defendant's attorney were not relevant or material to the question of inducement and the court properly limited counsel.
Defendant's motion for a post-trial examination of two jurors was based on an affidavit of a member of the bar of this State, stating that:
"I was in the Crest Restaurant when two of the members of the jury in the case of State v. Jan Hall came into the restaurant subsequent to the return of the verdict. They proceeded to discuss the deliberations that took place among the various jurors. They stated that the jury in fact failed to deliberate, but that immediately upon entering the jury room 10 of the jurors stated that the defendant was guilty and refused to consider the matter any further. Under the circumstances they felt compelled, against their wishes, to agree with the remainder of the jurors."
At the hearing on the motion counsel for defendant argued that the affidavit showed that the jury had failed to deliberate. However, the trial judge noted that "the jury was out at *484 least two hours, if I recall correctly." The motion was denied on the ground that no basis for an examination of the jurors or investigation of the verdict had been shown. We agree. There is a sound public policy behind the rule that a jury's deliberations are protected against indiscriminate and unwarranted investigation and disclosure. Cf. R.R. 1:25A. In State v. LaFera, 42 N.J. 97 (1964), the Supreme Court restated the reasons underlying the traditional secrecy afforded jury deliberations:
"A jury deliberates in secrecy to encourage each juror to state his thoughts, good and bad, so that they may be talked out. `Freedom of debate might be stifled and independence of thought checked if jurors were made to feel that their arguments and ballots were to be freely published to the world.' Clark v. United States, 289 U.S. 1, 13, 53 S.Ct. 465, 469, 77 L.Ed. 993, 999 (1932). Some will recall the furor a few years ago when a jury's deliberations were secretly recorded, notwithstanding that the recording was made in a controlled study and the anonymity of the individual juror was completely assured. Ferguson, `Legal Research on Trial,' 39 J. Am. Jud. Soc'y 78 (1955).
For the juror's individual protection, the law raises a privilege against disclosure of his communications during deliberations, a privilege which will yield only to some greater public need. 8 Wigmore, Evidence (McNaughton rev. 1961) § 2346, p. 678; Clark v. United States, supra (289 U.S. 1, 53 S.Ct. 465, 77 L.Ed. 993). It is true that no settled rule bars extrajudicial, post-trial disclosures by a juror of his own views even though in cases of public interest the trial judge not infrequently cautions against such disclosures. Yet one of twelve may not be able to disclose his own part without revealing something the other jurors are entitled to have protected. Moreover the public too has a stake in the promise of secrecy to insure free debate in cases to come. In these circumstances it is appropriate to protect all the jurors against efforts of others to browse among their thoughts in search of something to invalidate their verdict." (42 N.J., at pp. 106-107)
See also State v. Kociolek, 20 N.J. 92 (1955). No good cause for examination of the jurors was shown.
Next, defendant argues that the sentence of four to six years in State Prison is manifestly excessive and should be revised. See State v. Johnson, 67 N.J. Super. 414 (App. Div. 1961). The defendant was just 21 years of age when he was sentenced and had no prior criminal record. His presentence *485 report contains nothing unfavorable or detrimental. True, seduction is a high misdemeanor. However, the thrust of the statute is to compel a man to carry out his promise of marriage, if the girl will have him, and to legitimize the issue born of the relationship. We recognize that when defendant was sentenced, he had refused to marry the prosecutrix or to acknowledge the paternity of the child. However, pending appeal prosecutrix has married another man and we cannot be unmindful of this fact even though it took place after sentence was imposed. Actually, defendant would have 20 days from the issuance of the mandate by this court to apply to the trial court for a reduction or change of sentence. R.R. 3:7-13(a). All things considered, we conclude that the sentence should be revised. We hereby vacate it and sentence defendant to a term of one year in the Bergen County Penitentiary, service of said sentence to be suspended and defendant placed on probation for a period of two years. State v. Johnson, supra.
Defendant's final contention, that he be discharged from the sentence of imprisonment by reason of prosecutrix's marriage to another man, no longer requires our consideration in view of the suspended sentence imposed on defendant.
The judgment herein is modified as heretofore indicated, and as modified is affirmed.