William Clinton SMITH, Appellant,

v.

UNITED STATES of America, Appellee.

No. 19341.

United States Court of Appeals Eighth Circuit.

March 4, 1969.

Certiorari Denied June 16, 1969. See 89 S.Ct. 2113.

---

ciency of the evidence to support a conviction were erroneously overruled.

II. Evidence offered by the defendant was wrongfully excluded.

III. The sentence imposed was excessive and constitutes cruel and inhuman punishment.

We hold for reasons hereinafter stated that defendant has failed to establish any prejudicial error was committed at his trial and that the conviction must be affirmed.

## I.

Defendant made motions for acquittal at the close of the Government's case and again at the close of all of the evidence upon the ground that the evidence was insufficient to support a conviction. Such contention was again raised in a motion for new trial and amplified by a claim that the testimony of the prosecutrix was uncorroborated, contradictory, vague and contrary to physical and medical facts.

Arthur Litz, St. Louis, Mo., for appellant.

John A. Newton, Asst. U. S. Atty., St. Louis, Mo., for appellee; Veryl L. Riddle, U. S. Atty., St. Louis, Mo., on the brief.

Before VAN OOSTERHOUT, Chief Judge and MATTHES and BRIGHT, Circuit Judges.

VAN OOSTERHOUT, Chief Judge.

This is an appeal by defendant, William Clinton Smith, from his conviction by a jury upon an indictment charging him with kidnapping and holding for rape a young lady whom he had transported from St. Louis to Illinois, all in violation of 18 U.S.C.A. § 1201. Defendant was sentenced to life imprisonment.

Defendant asserts he is entitled to a reversal of his conviction upon the basis of errors committed by the trial court in the following respects:

I. Defendant's motions for acquittal and new trial based upon the insuffi-

The principal testimony was given by the prosecutrix and the defendant. Both agree that on February 3, 1968, about 8:30 a. m., the prosecutrix entered defendant's car and that defendant and prosecutrix then drove to an isolated spot on a dead-end road near Alton, Illinois, and that they there had intercourse after which the prosecutrix was returned to the McMillan Hospital in St. Louis about 1:30 p. m. Prosecutrix was employed as a laboratory technician at the hospital and she was also a student at Washington University. She was twenty-one years of age and is a white woman. Defendant is a Negro, forty-two years of age. He was an employee at Barnes Hospital.

The dispute in the evidence centers on whether prosecutrix was forced to enter defendant's car and whether she consented to the intercourse. Defendant testified that he had a previous acquaintance with the prosecutrix and that he had had friendly visits with her on previous occasions. The prosecutrix denied any prior acquaintance with the de-

fendant. The prosecutrix testified that on the morning of February 3, 1968, at about 8:30 a. m., while she was walking from a parking lot to her place of employment at the McMillan Hospital, the defendant drove his car in front of her in such a way as to obstruct her path and that he got out of his car with a gun in hand and repeatedly ordered her to enter the car, which she ultimately did after voicing repeated protests. She stated that she offered the defendant her purse, then her car keys and later offered to write him a check for her $200 bank account if he would leave her alone and let her go, none of which offers was accepted.

With respect to the intercourse, the prosecutrix testified that after they had driven from St. Louis to the isolated spot on the dead-end road near Alton, Illinois, defendant told her to take off her clothes. She protested and the defendant then took off some of her clothes and that she took off the remaining clothes and submitted "because I was in fear of my life because he had a gun and I had no idea where the gun was." Defendant admitted that he had a small gas pellet gun and that he had showed such gun to the prosecutrix but stated that this was in connection with convincing the prosecutrix that it was available to keep off prowlers or intruders. He denied that the gun was used to force the prosecutrix into his car, and it is his testimony that the prosecutrix entered the car voluntarily and that she consented to the intercourse.

Prosecutrix further testified that she was in fear of her life and that after the intercourse she told the defendant that she would forget everything that happened and that she acted friendly toward the defendant and agreed to see defendant in the future in order to induce the defendant to take her back alive.

Immediately after defendant returned prosecutrix to the hospital she reported the incident to her employers and at her request, the police were notified. She was examined by a gynecologist at the hospital.

When, as here, the evidence is in conflict it is for the jury to determine the credibility of the witnesses. The evidence on appeal must of course be examined in the light most favorable to the prevailing party, here the Government. Foston v. United States, 8 Cir., 389 F.2d 86, 89. A careful examination of the record convinces us that there is ample evidence to support the verdict. It is apparent that the jury resolved the conflicts in the evidence in favor of the Government.

Defendant stresses the fact that after the intercourse he stopped at a filling station on the way back to St. Louis and that prosecutrix, although she had an opportunity to do so, made no effort to escape or enlist the aid of the station attendants. There is also evidence taken from the station attendants to the effect that they observed nothing unusual. Such testimony is in no way conclusive on the controlling issues as it would appear that at that time the prosecutrix was satisfied she had persuaded defendant to take her back to the hospital. In any event, such testimony was before the jury for such evaluation as they considered appropriate.

Defendant in his attack upon the credibility of the prosecutrix as a witness seems to place his principal reliance upon the following question and answer of the prosecutrix on cross-examination, reading as follows: "Q Did the defendant to your knowledge reach a climax during this act? A At the end, yes, sir." Prosecutrix testified that the intercourse lasted about two hours. Defendant cites 21 A.L.R. 141 to the effect that testimony contrary to the laws of nature should be rejected and discredited and urges that judicial notice be taken that it is physically and medically impossible for defendant to have had relations for such a period and to have had but one climax. The fact of intercourse is undisputed. Its duration and other incidentals are not material to any element of the offense here involved. The

testimony relied upon by the defendant relates to a field in which no expertise on the part of the prosecutrix has been established. The question and the answer do not categorically establish that defendant had but one climax. We are satisfied that the testimony pointed out by the defendant was not of such a nature as to compel the jury to discredit the prosecutrix's testimony relating to the essential elements of the offense. A careful reading of the entire record convinces us that there is substantial evidentiary support for the guilty verdict.

## II.

Defendant contends the court erred with respect to two rulings on evidence. Prosecutrix testified that she and the defendant discussed racial relations and interracial marriages and that during the course thereof she mentioned that a Negro acquaintance of hers at the hospital had married a white woman. She was then asked, "What is your reaction to this mixed marriage?" to which the Government's objection as to materiality was sustained.

■■ The court has a wide discretion on the scope of cross-examination with respect to collateral matters. Coil v. United States, 8 Cir., 343 F.2d 573, 578; Davis v. United States, 8 Cir., 229 F.2d 181, 185-86; Remmer v. United States, 9 Cir., 205 F.2d 277, 289. We are not persuaded that the court abused its discretion in excluding testimony with respect to the prosecutrix's views on a particular mixed marriage. We fail to see where such evidence, if received, would be of any value to the defendant in establishing his defense.

The court also excluded an offer by defendant to prove by Mrs. Dorothy Preston that defendant shortly after the incident here involved told Mrs. Preston that he was in love with the prosecutrix. Such testimony was cumulative. Defendant himself testified that he was in love with the prosecutrix. Defendant's attitude toward the prosecutrix has no substantial bearing on the prosecutrix's feelings toward the defendant with respect to the events here material.

■ It is our view that the evidence excluded would have no substantial effect on the jury's resolution of the issue *of defendant's guilt and that if any error* was committed in the rulings made, defendant has failed to demonstrate such errors were prejudicial. A trial court will not be reversed on evidentiary rulings unless the error is shown to be prejudicial. White v. United States, 8 Cir., 399 F.2d 813, 819.

## III.

Defendant's contention that the life sentence imposed is oppressive and constitutes cruel and inhuman punishment proscribed by the Eighth Amendment lacks merit. Kidnapping aggravated by rape is here involved. Such crimes are considered serious offenses. Additionally, the court at the time of sentence had before it defendant's criminal record which showed defendant had previously been convicted on at least four felony charges.

■ The penalty imposed is within the limits prescribed by the statute for the offense. As pointed out by Judge Gibson in Gallagher v. United States, 8 Cir., 406 F.2d 102 (January 24, 1969), it is established that it is the right of the legislature to prescribe the penalty for crime and generally Courts of Appeal have no right to reduce or vacate a sentence as excessive which falls within the limits of punishment prescribed by statute.

■ Defendant makes a broad assertion that the *punishment imposed constitutes* cruel and inhuman punishment. No cases have been cited to support the *contention that a life sentence on a* crime of the gravity here involved has been set aside as violative of the Eighth *Amendment. We rejected a similar con-*tention in Hess v. United States, 8 Cir., 254 F.2d 578, 585, where a life sentence for kidnapping was upheld.

The judgment is affirmed.