**UNITED STATES of America,**
**Appellee,**

v.

**Dillard T. MADDEN, Jr., Appellant.**

**No. 73–1132.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 12, 1973.

Decided July 20, 1973.

Certiorari Denied Nov. 12, 1973.
See 94 S.Ct. 453.

Richard L. Colbert, Kansas City, Mo., for appellant.

Sheryle Randol, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before GIBSON, LAY and ROSS, Circuit Judges.

PER CURIAM.

This is an appeal from the conviction of Dillard T. Madden for possession with intent to distribute and distribution of heroin, in violation of 21 U.S.C. § 841(a)(1). On this appeal Madden challenges the sufficiency of the evidence and claims that the trial court erred in refusing to permit certain cross-examination of the

informer who was the chief Government witness. We affirm the judgment of conviction.

On July 13, 1972, LaFoy O. Thomas, an individual cooperating with the Kansas City Office of Drug Abuse Law Enforcement (DALE), met with DALE agents for the purpose of arranging the purchase of illegal drugs. Thomas, himself, had previously pleaded guilty to the illegal sale of narcotics and, at the time of the trial, was awaiting presentence investigation. Pursuant to the arrangements made with the DALE officers that day, Thomas and his automobile were thoroughly searched for the purpose of uncovering possibly concealed drugs. He was then given fifty dollars in prerecorded bills by the officers and proceeded by automobile from the DALE office to a predesignated location where it was believed that he could easily purchase illegal drugs. He was followed by two surveilling vehicles, manned by DALE agents.

Upon reaching his destination, Thomas stepped from his car and was approached by Madden. Both parties left the scene in Madden's automobile, drove a short distance, and returned to the initial site where they parted company. All of their movements were observed by at least one of the DALE agents.

After Thomas had departed from Madden, he rejoined the DALE agent several blocks away and surrendered to him five capsules. It was his testimony that he obtained these five capsules from Madden in exchange for the fifty dollars during the brief interlude in which they were in each other's company. The capsules were later determined to contain heroin.

Testimony regarding Thomas' prior conviction and per diem payment from DALE was admitted at the trial. Testimony dealing with a past misdeed which had not resulted in a conviction was excluded. Madden's counsel repeatedly attempted to secure the admission of this evidence which apparently related to Thomas' cooperation with a federal agen-cy in the purchase of illegal firearms. The trial court refused to permit this cross-examination on the basis that this was a wholly collateral issue that was so remote from the issues of the case and of such a complex nature that it would only mislead the jury from the real issues in the case.

Turning first to the sufficiency of the evidence, we note that an appellate court does not try a case de novo and does not determine the weight of the evidence. *See e. g.*, United States v. Wright, 428 F.2d 445, 446 (8th Cir. 1970). Rather, it is for the fact finder, here the jury, to determine the credibility of witnesses and the weight of evidence. United States v. Cole, 449 F.2d 194, 197 (8th Cir. 1971), cert. denied, 405 U.S. 931, 92 S.Ct. 991, 30 L.Ed.2d 806 (1972); United States v. Wright, *supra*, 428 F.2d at 446; United States v. May, 419 F.2d 553, 554 (8th Cir. 1969); Smith v. United States, 407 F.2d 356, 358 (8th Cir.), cert. denied, 395 U. S. 966, 89 S.Ct. 2113, 23 L.Ed.2d 753 (1969). Upon the finding of guilt by the jury, all reasonable inferences from the evidence are to be resolved in favor of the jury verdict. That verdict must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); United States v. Atkins, 473 F.2d 308, 310 (8th Cir.), cert. denied, 412 U.S. 931, 93 S. Ct. 2751, 37 L.Ed.2d 160 (1973); United States v. Matzker, 473 F.2d 408, 410 (8th Cir. 1973).

Here, the sufficiency of the evidence rests, to a large extent, upon the credibility of Thomas, but there is also substantial corroboration in the record. Thomas and his car were thoroughly searched before the purchase. No concealed drugs were found. He did not leave the sight of DALE officers subsequent to the search. The only person he met or came in contact with during the period of surveillance was Madden. Immediately after the rendezvous, Thomas produced five capsules of heroin to

852

the DALE officers. The three DALE agents corroborated the informant's testimony in all material respects except the actual exchange of the money and the capsules. Our review of this evidence, in light of the rules just enunciated, convinces us that the evidence was more than sufficient to support the guilty verdict.

 Madden also urges the jury verdict be set aside on the ground that his ability to impeach the credibility of the Government's informant was curtailed by the trial court. It is his contention that the Government's case rested entirely upon the testimony of an informant whose credibility could have been impaired by the introduction of evidence relating to participation in a scheme of cooperation with a federal agency in the purchase of illegal firearms. Madden sought to elicit testimony relating to allegedly surreptitious conduct on the part of Thomas in the negotiation of the marked bills used in that scheme. However, no conviction arose from the facts that were the subject of this controversy and for this reason, the cross-examination was properly limited.

It has consistently been held that it is impermissible for a party to attempt to affect the credibility of a witness by showing that he has been accused of, charged with, or arrested for a crime of which he has not been found guilty. In Michelson v. United States, 335 U.S. 469, 482, 69 S.Ct. 213, 222, 93 L.Ed. 168 (1948), the Court stated:

> "Arrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a witness. . . . Only a conviction, therefore, may be inquired about to undermine the trustworthiness of a witness."

The attempt to show merely an arrest or an accusation of misconduct in an effort to impeach a witness has been uniformly prohibited. Rizzo v. United States, 304 F.2d 810, 831 (8th Cir. 1962); Homan v. United States, 279 F.2d 767,

771 (8th Cir.), cert. denied, 364 U.S. 866, 81 S.Ct. 110, 5 L.Ed.2d 88 (1960).

 In the admission of such testimony, the trial court is vested with considerable discretion and will not be overruled unless it has abused that discretion. United States v. Cole, *supra*, 449 F.2d at 199; Coil v. United States, 343 F.2d 573, 578 (8th Cir. 1965); Davis v. United States, 229 F.2d 181, 185–186 (8th Cir. 1956); Marteney v. United States, 218 F.2d 258, 265 (10th Cir. 1954), cert. denied, 348 U.S. 953, 75 S.Ct. 442, 99 L. Ed. 745 (1955).

We conclude that the evidence was sufficient to support the conviction and that the trial court did not abuse its discretion in limiting the cross-examination. The judgment of conviction is affirmed.