330 A.2d 404.

STATE *vs.* ALFRED A. FORTES, JR.

JANUARY 10, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This appeal raises the question of whether this court has jurisdiction to review a sentence imposed by a justice of the Superior Court when it is alleged that the sentence is excessive although within the statutory limits. The question is one of first impression in this state.

The question presented arises in the context of the following facts. On April 8, 1968, the Grand Jury returned an indictment charging defendant with possession of marijuana in violation of G. L. 1956 (1968 Reenactment) §21-28-31, as amended. On April 23, 1968, he pleaded nolo contendere and was placed in unconditional unsupervised probation on condition that he enter the armed forces. On June 26, 1969, defendant again appeared before a justice of the Superior Court and withdrew his previous plea. He then pleaded nolo contendere and received a deferred sentence on the April 8, 1968 indictment for possession of marijuana.

On September 7, 1972, defendant was again brought before a justice of the Superior Court. This time he was charged with violating the terms of the deferred sentence which he received on June 26, 1969. At the violation hearing held in the Superior Court, the state produced uncontradicted evidence establishing that defendant had, without provocation, assaulted with intent to murder one, Richard Thomas Fielding, Jr. with a .45 automatic pistol. As a result of the assault Fielding was rendered a paraplegic.

In finding that defendant had violated the terms of his deferred sentence the trial justice discussed defendant's prior record as well as the circumstances surrounding the assault on Fielding. He noted that the uncontradicted evidence showed that defendant had committed several offenses, namely, possesion of the .45 automatic pistol, the assault without provocation and with intent, apparently, to murder,[1] and, in July 1972, his being in the hospital for an overdose of a narcotic drug. He also observed that nothing had been said in mitigation of defendant's breach, which he characterized as "one of the most grievous" that he had ever heard since he was on the bench and as a "completely unprovoked, unexplained assault with intent to murder." He then said:

> "I have been trying to think of whether there is any reason why the defendant should not be sentenced to the maximum of fifteen years, and I can find no reason, and for that reason the Court does enter judgment against the defendant and sentences him to a term of fifteen years at the Adult Correctional Institution[s]."

The case is before this court on defendant's appeal from the judgment finding him in violation of the deferred

---

[1]On October 25, 1972, defendant entered a plea of "nolo" to the indictment charging him with assault with intent to murder and he was given a 10-year suspended sentence and placed on probation for 10 years.

sentence previously imposed on June 26, 1969 and sentencing him to the Adult Correctional Institutions for 15 years.

On March 6, 1974, this case was reached for oral argument before this court. In the briefs submitted by defendant at that time, he contended that the trial justice abused his discretion by imposing a sentence of 15 years for defendant's violation of the terms of his deferred sentence. The defendant requested that we vacate the sentence imposed and remand the case to the Superior Court for a new revocation hearing before another justice of that court. Because the question of this court's authority to review sentences imposed by the Superior Court presented a question of first impression in this state, we requested counsel to prepare supplemental briefs on the issue of this court's jurisdiction to review a sentence imposed by a justice of the Superior Court on the ground that the sentence was excessive even though it was within the statutory limits. Additionally, we requested the preparation of a survey indicating the manner in which possession of marijuana cases have been disposed of for purposes of comparison with the disposition in the instant case.[2] We continued the case to allow counsel time to prepare and file the supplemental briefs.

After the filing of the supplemental briefs we heard oral arguments on October 8, 1974.

Before considering the substantive issues raised by defendant, we address ourselves to the procedural questions raised by the state.

The state contends that any constitutional challenge to the sentence on the ground of cruel and unusual punishment is now waived because the question was never raised in the court below. The short answer to this argument

[2]Mr. Chief Justice Roberts did not participate.

is that defendant has not, either in his briefs or in oral argument, challenged the constitutionality of §21-28-31 in this proceeding. Moreover, even if he had, on the view we take of this appeal, we would not reach or decide this issue.

With respect to defendant's contention that the trial justice abused his discretion when he imposed the 15-year sentence, the state argues that defendant did not make timely objection in the Superior Court to the entry of judgment finding him to be a violator of his deferred sentence nor did he object to the imposition of the 15-year sentence. Thus, the state concludes, defendant failed to comply with Super. R. Crim. P. 51 and therefore the objection is waived on appeal.[3] The record does not support the state's claim. A fair reading of the transcript of the revocation hearing indicates, though informally, defendant's objection to the entry of the judgment finding him to be in violation of his deferred sentence. The record also shows defendant's objection to the imposition of a sentence based on the new offense rather than on the charge of possession of marijuana.[4] This was broad enough to constitute an objection to the imposition of the 15-year

---

[3]Super. R. Crim. P. 51, in pertinent part, reads as follows:

"Formal exceptions to rulings or orders of the court are unnecessary; but for all purposes for which an exception has heretofore been necessary it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor if requested; and if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice him."

[4]When the trial justice asked defendant whether he had anything to say in addition to what his attorney had said, or whether he could give any reason why judgment should not be pronounced, defendant replied:

"Yes, because I haven't been found guilty of the charge here, and I think that is good enough."

sentence. We find there was substantial compliance by defendant with Rule 51.

Another argument presented by the state is that defendant should have followed the procedure outlined in Super. R. Crim. P. 35 by moving for a reduction of sentence in the Superior Court.[5] We are concerned here with the question of whether this court has jurisdiction to review the sentence imposed, not with the question of whether defendant should have sought relief in the first instance in the Superior Court under Rule 35.

Having disposed of the state's procedural questions, we address ourselves to the question raised by defendant.

## I

We consider first the question of whether this court has jurisdiction to review a sentence legally imposed by a justice of the Superior Court but which is alleged to be excessive although within the statutory limits.

Although we know of no decision by this court wherein a sentence was reviewed on appeal, we are aware that this issue has arisen and has been decided in other jurisdictions.

---

[5]This rule became effective September 1, 1972. Super. R. Crim. P. 35 reads as follows:

"The court may correct an illegal sentence at any time. The court may correct a sentence imposed in an illegal manner and it may reduce any sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate of the Supreme Court of Rhode Island issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after receipt by the court of a mandate or order of the Supreme Court of the United States issued upon affirmance of the judgment, dismissal of the appeal, or denial of a writ of certiorari. The court may reduce a sentence, the execution of which has been suspended, upon revocation of probation."

Some of these have acted under express statutory authority.[6]

At least two jurisdictions have reviewed allegedly excessive sentences in the absence of express statutory authority. *See State* v. *Hall,* 87 N.J. Super. 480, 210 A.2d 74 (App. Div. 1965); *State* v. *Johnson,* 67 N.J. Super. 414, 170 A.2d 830 (App. Div. 1961); *State* v. *Ward,* 57 N.J. 75, 270 A.2d 1 (1970); *State* v. *Tuttle,* 21 Wis.2d 147, 124 N.W.2d 9 (1963).

In *State* v. *Johnson, supra,* the court reviewed the merits of the consecutive sentences imposed on the defendant following his conviction of rape and kidnapping. New Jersey, like Rhode Island, has no express statutory authority for appellate review of sentences. In *Johnson* the court put the issue as follows:

> "This brings us face to face with the question whether this court has the power to modify the sentence imposed by the trial court. The question might rather be put in this fashion: Why has it been assumed that this court has no such power?" *Id.* at 424, 170 A.2d at 836.

The court answered the question by stating the following:

> "Laying aside the question of sentence for the moment, we recall no exercise of discretion which today is not reviewab'e and which, if unlawfully preju-

---

[6]Jurisdictions with legislation to review sentences include: Arizona, Ariz. Rev. Stat. Ann. §13-1717 (1956); Connecticut, Conn. Gen. Stat. Ann. §51-194 et seq. (Supp. 1965); Florida, Fla. Stat. Ann. §932.52 (Supp. 1966); Hawaii, Hawaii Rev. Stat. §212-14 (Supp. 1965); Illinois, Ill. Ann. Stat. Ch. 38 §121-9 (Smith Hurd 1964); Iowa, Iowa Code Ann. §793.18 (1950); Maine, Me. Rev. Stat. Ann. tit. 15 §2141-2144 (Supp. 1966); Maryland, Md. Ann. Code Art. 26 §§132-138 (1966); Massachusetts, Mass. Gen. Laws Ann. Ch. 278 §28A-28D (1959); Nebraska, Neb. Rev. Stat. §29-2308 (1964); New York, N. Y. Code Crim. Pro. §§543,764; Oregon, Ore. Rev. Stat. §138-250 and §138-090 (1964 Repl. Part); and Tennessee, Tenn. Code Ann. §40-2711 (1955).

dicial or 'abused,' may not be corrected by an appellate court." *Id.* at 425, 170 A.2d at 836.

Then, after reviewing the history of appellate review of sentences in New Jersey, the court concluded at 432, 170 A.2d at 840 of its opinion that it had the right to revise a sentence "where it is manifestly excessive, even though within authorized statutory limits."

The *Johnson* holding was followed in *State* v. *Hall, supra,* where the court vacated and revised a sentence which had previously been imposed by the trial court.

Again, in 1970, in *State* v. *Ward, supra,* the Supreme Court of New Jersey considered the question of an alleged excessive sentence. The defendant was found guilty by a jury of possessing marijuana in violation of that state's statute, and was sentenced to serve a state prison term of two to three years and fined $100. The defendant was a first offender, and under the pertinent statute the trial court had discretionary power to impose a suspended sentence. The court stated as follows:

"Since it is conceded that defendant was a first offender, the trial court had the discretion to suspend sentence. Defendant urges that the trial judge misused his discretion in not following that course. It is clear that this Court has the power to review any exercise of the trial court's discretion, including the power to revise a prison sentence where it is manifestly excessive, even though within statutory limits. *State* v. *Bess,* 53 N.J. 10, 18-19 [247 A.2d 669] (1968). After reviewing the record and the probation report, we think the sentence was entirely too harsh." *State* v. *Ward, supra* at 81, 270 A.2d at 4.

The court then held that the sentence of 2-to-3-year terms in the state prison on first conviction of possession of marijuana was excessive, and revised the sentence to provide for a suspended sentence.

This same question was considered by the Supreme Court of Wisconsin in *State* v. *Tuttle, supra. Tuttle* in-

volved an appeal from a fine. The applicable statute provides for a fine of not less than $10 nor more than $200, or imprisonment of not more than thirty days, or both. The defendant was found guilty of operating his automobile in excess of the limit of 65 miles per hour. The police testimony was that the defendant was traveling at 75 miles per hour. The trial court fined him $150 and costs, and he appealed. The defendant argued, in part, that under the circumstances it was an abuse of discretion to fine him $150 and costs. In considering the question of appellate review of sentences the Wisconsin court discussed the historical background of appellate review of sentences and reasoned as follows:

> "The rule of the common law, still followed in the majority of jurisdictions, appears to be that an appellate court has no power to review a sentence which is within the limits prescribed for the offense. Statements of the general rule, however, often recognize that courts have found exceptions where there was abuse of discretion, manifest injustice or the like. It has been said that there is a trend away from the rule that sentences within statutory limits cannot (or will not) be reviewed.

> "It seems to us that this question should be treated in terms of strong policy against interference with the discretion of the trial court in passing sentence and not of lack of power to do so. We are very reluctant so to interfere. The trial court has great advantages in considering all relevant factors, including the opportunity to observe the defendant, which it always has in felony cases and ordinarily in other cases.

> "This court, however, has statutory power to reverse and to direct the entry of a proper judgment when it appears from the record that it is probable that justice has for any reason miscarried. We consider that we have the power to review sentences to determine whether an abuse of discretion clearly appears, and to remand for resentencing or to modify

a sentence. We withdraw all past statements indicating that the court lacks power to do so, although it will be a rare case where the power will be used." *State* v. *Tuttle, supra* at 150-51, 124 N.W.2d at 11.

After discussing the facts of that case, the court found that the fine was excessive but decided to remand the case for resentencing rather than to determine for itself the appropriate fine.

The federal circuit courts of appeal are in conflict on this issue. The 5th, 6th and 8th circuits in *Zaffarano* v. *Blackwell*, 383 F.2d 719 (5th Cir. 1967), *United States* v. *Jackson*, 422 F.2d 975 (6th Cir. 1970), and *Smith* v. *United States*, 407 F.2d 356 (8th Cir. 1969), respectively, have held that the court was powerless to reduce sentences imposed in the United States District Courts. The 7th circuit, however, has held to the contrary. *United States* v. *Wiley*, 278 F.2d 500 (7th Cir. 1960).

In *Wiley* it was alleged that the United States District Court abused its discretion by imposing disparate sentences on codefendants. In correcting the disparity by modifying the defendant's sentence the court said at 503:

"Only in an exceptional case will this court interfere with the discretion exercised by a district court in imposing a sentence upon a defendant in a criminal case. However, where the facts appearing in the record point convincingly to the conclusion that the district court has, without any justification, arbitrarily singled out a minor defendant for the imposition of a more severe sentence than that imposed upon the co-defendants, this court will not hesitate to correct the disparity. In so doing it is exercising its supervisory control of the district court, in aid of its appellate jurisdiction. This control is necessary to proper administration in the federal system. (citation omitted) This is a control which we are not frequently required to exercise."

Citing *Wiley, supra,* the Court of Appeals for the District of Columbia in *Leach* v. *United States*, 334 F.2d 945

(D.C. Cir. 1964), also set aside a sentence. Leach had been convicted of robbery. When he appeared for sentencing, his request for a mental examination was refused. The Court of Appeals affirmed the conviction but remanded for reconsideration of the sentence. Ignoring the hint of the Appeals Court that Leach's request be honored, the trial justice reimposed the same sentence without granting the examination. The Court of Appeals rejected the lower court's four proffered reasons and held that "[t]he adamant refusal in this case to refer the prisoner for a mental examination was an abuse of discretion." *Id.* at 948.

Although there is a wide divergence of opinion among the various jurisdictions which have considered this question, we believe that the better-reasoned cases are those decided by courts, state and federal, which, even in the absence of express statutory authority, hold that they have jurisdiction to review a sentence when it is alleged that the sentence imposed is excessive although within statutory limits. For an excellent discussion of this problem see ABA *Project on Minimum Standards for Criminal Justice, Standards Relating to Appellate Review of Sentences* (Approved Draft 1968). *See also, Penology on Appeal: Appellate Review of Legal but Excessive Sentences,* 15 Vand. L. Rev. 671 (1962); *Note, Appellate Review of Sentencing Procedure,* 74 Yale L. J. 379 (1964).

Admittedly there is no express statutory authority for appellate review of sentences by this court, but neither is there anything in the laws of Rhode Island stating that the matter of sentencing is the exclusive and total province of the sentencing judge and thereby expressly precluding appellate review. In saying this, we are not unmindful of the fact that the Legislature has vested the sentencing judge with discretionary power, in the first instance, to impose sentences on persons convicted of violating the

172

criminal laws of this state. G. L. 1956 (1969 Reenactment) §12-19-2. The question, then, is whether, absent express statutory authority, this court has implied power to review a sentence imposed by a sentencing judge when it is alleged that the sentence is excessive even though within the statutory limits. For the reasons that follow we believe that this court has such implied power.

The people of this state have entrusted to this court a vast grant of judicial power. This is evident by the broad language in art. XII, §1 of amendments (adopted November 1903). Section 1 reads, in pertinent part, as follows:

> "The supreme court shall have final revisory and appellate jurisdiction upon all questions of law and equity. It shall have power to issue prerogative writs, and shall also have such other jurisdiction as may, from time to time, be prescribed by law."

In carrying out the mandate of art. XII, §1, the Legislature enacted the Court and Practice Act of 1905. Chapter I, §2 of that Act [now G. L. 1956 (1969 Reenactment) §8-1-2] reads in part as follows:

> "The supreme court shall have general supervision of all courts of inferior jurisdiction to correct and prevent errors and abuses therein when no other remedy is expressly provided * * *."

That Act conferred on this court general supervisory authority to review actions taken by inferior tribunals without or in excess of jurisdiction, and also to exercise its appellate and revisory jurisdiction in review of actions of such tribunals taken in the exercise of its jurisdiction. *See In re Little,* 103 R. I. 301, 237 A.2d 325 (1968); *Knott* v. *Langlois,* 102 R. I. 517, 231 A.2d 767 (1967); *Rogers* v. *Rogers,* 98 R. I. 263, 201 A.2d 140 (1964). Thus, it is evident that art. XII, §1 of amendments, and §8-1-2, clearly vest this court with broad appellate jurisdiction. In the face of such a broad grant of appellate jurisdiction, how can it be said that this court has no power to review

an allegedly excessive sentence? As we have said above, the sentencing process in the Superior Court involves an exercise of judicial discretion, the abuse of which constitutes an error of law. The power of this court to review an alleged abuse of discretion by the sentencing justice is implicit when read in the context of art. XII, §1, and §8-1-2. We hold, therefore, that this court has the power to review a sentence when it is alleged to be excessive although within statutory limits. In so doing we exercise our general supervisory control of lower tribunals in aid of our appellate jurisdiction.

## II

The question remains of when the court should exercise this authority. We believe this power should be exercised only in an exceptional case, *United States* v. *Wiley, Leach* v. *United States,* both *supra,* where a sentence is manifestly excessive even though within authorized statutory limits, *State* v. *Johnson, supra,* and in the context of a strong policy against interference with the discretion exercised by the trial court in passing sentence. *State* v. *Tuttle, supra.* We should use this power only when the record points convincingly to the conclusion that the sentencing justice has without justification imposed a sentence which is grossly disparate from sentences generally imposed for similar offenses.[7]

## III

With the foregoing guideline in mind, we conclude that on this record we should exercise our authority and review the sentence imposed by the trial justice. We are convinced that he was unduly influenced by the seriousness of the offense which precipitated the revocation hearing

---

[7] *See* ABA *Project on Minimum Standards for Criminal Justice, Standards Relating to Appellate Review of Sentences,* §3.2 at 50 et seq. (Approved Draft 1968) for a discussion of this problem.

and the resulting grievous injuries to the victim of that offense. While the trial justice's reactions are understandable, the fact remains that the revocation hearing was held to decide whether defendant had violated the terms of his deferred sentence and, if so, to determine, in the exercise of sound judicial discretion, the penalty, if any, which should be imposed on the charge on which sentence had been deferred, that is, possession of marijuana.

Even though the trial justice had the authority to proceed with the revocation hearing prior to the disposition of the offense which precipitated such hearing, *Flint* v. *Howard*, 110 R. I. 223, 291 A.2d 625 (1972), that hearing was not held for the purpose of punishing defendant for the new offense. Although the latter is the precipitating cause for the revocation hearing, it should play no part in determining the extent of the penalty to be imposed on the charge on which sentence had formerly been deferred. Punishment for the new offense must await the disposition of the case in which the new offense is charged.

Having found that defendant had violated the terms of his deferred sentence and having concluded that a sentence should be imposed for such violation, it was the trial justice's duty to impose a sentence on the April 8, 1968 indictment charging defendant with possession of marijuana. The sentence should fit the offense of possession of marijuana and not the offense of assault with intent to murder.

The penalty for possession of marijuana at the time of defendant's arrest was prescribed in §21-28-31, which provides that whoever is found in possession thereof

"* * * shall upon conviction be punished for the first offense by imprisonment for not more than fifteen (15) years and a fine of not more than ten thousand dollars ($10,000); for the second offense by imprisonment for not more than twenty (20) years and a fine of

not more than ten thousand dollars ($10,000); and for the third and each subsequent offense thereafter by imprisonment for not more than thirty (30) years and a fine of not more than ten thousand dollars ($10,000)."

In his decision the trial justice noted that in this state: "* * * the maximum penalty for unlawful possession of marijuana is fifteen years, and certainly I have never known of a judge in Rhode Island to sentence a man to fifteen years, as a first offender, for unlawful possession of marijuana. Ordinarily we place a man on probation and give him a chance to show he is a good citizen * * *."

Notwithstanding this statement the trial justice then proceeded to impose the maximum sentence.

As we stated earlier, we requested counsel to prepare a survey indicating the manner in which possession of marijuana cases have been disposed of for purposes of comparison with the disposition in the case at bar. The survey indicates that recent dispositions for such violations disclose that most offenders are placed on probation, that rarely has a jail term been imposed, and that never has the maximum sentence been imposed. Thus, it is fair to say that the imposition of less than jail sentence is the present policy of the Superior Court when a first offender pleads nolo or guilty to the unlawful possession of marijuana. It is clear from the survey furnished to this court that the imposition of the maximum sentence of 15 years for possession of marijuana is, on its face, grossly disparate from sentences generally imposed for such offenses. The sentence in this case obviously resulted from the trial justice's reaction to the offense which precipitated the revocation hearing. We are convinced that the sentence

imposed is manifestly excessive and clearly an abuse of discretion even though within statutory limits.[8]

## IV

Having determined that the 15-year sentence is excessive and therefore should be revised, we must now decide whether to modify the same ourselves or remand the cause to the trial court with directions. In *Yates* v. *United States,* 356 U.S. 363, 366, 78 S.Ct. 766, 768, 2 L.Ed.2d 837, 840 (1958), the Court recognized that reduction of sentence normally ought not to be made by a reviewing court but should be left on remand to the sentencing court. We agree that the trial court is better equipped than this court to handle this phase of the administration of justice. Therefore, we remand the cause to the Superior Court rather than determine here the appropriate sentence which would be within the bounds of discretion.

## V

As we have stated above, the instant case is before this court on the defendant's appeal from the judgment finding him in violation of the deferred sentence previously imposed on June 26, 1969. The proper procedure, how-

---

[8]In *Watson* v. *United States,* 439 F.2d 442 (D. C. Cir. 1970), Chief Judge Bazelon in a concurring opinion noted that mere possession of narcotics is not in itself a grave offense. Its principal victim is the possessor, and a severe jail sentence is hardly defensible as an act of benevolence toward him. Judge Bazelon went on to note the gross discrepancies in the federal system wherein the maximum federal sentence for marijuana as of 1970 was twice as long as the maximum penalty for extortion, blackmail and perjury. Up until July 1, 1974, the statutory maximum for marijuana possession in Rhode Island was greater than the maximum penalty for such major felonies as forgery, counterfeiting, and attempting to procure perjury. This invidious comparison was corrected by the passage of P. L. 1974, ch. 183, now G. L. 1956 (1968 Reenactment) §21-28-4.01, sec. (C)(1)(b), which classifies the possession of marijuana as a misdemeanor with a penalty of imprisonment for not more than one year or a fine of not more than $500, or both.

ever, was not to appeal therefrom directly to this court, but to seek revision initially in the Superior Court under Rule 35, and then to come to this court by appeal. While we have reviewed the sentence in this case without requiring the defendant first to exhaust his remedies in the Superior Court, we have done so only because Rule 35 is of comparatively recent origin and obviously unfamiliar even to experienced counsel. To perpetuate the injustice worked upon the defendant in this instance because of counsel's unintentional noncompliance with procedural requirements would, in the circumstances, be so contrary to the interests of justice as not to be tolerable. Our willingness to proceed in this instance without first requiring Rule 35 proceedings, however, should not be deemed to be a precedent for noninsistence thereon in those rare instances which may arise in the future when sentence revision is deemed appropriate. *See Santos* v. *Smith,* 99 R. I. 430, 431-32, 208 A.2d 524, 525 (1965).

Insofar as the judgment determines guilt of the offense of possession of a narcotic drug, it is affirmed. Insofar as it imposes sentence, it is reversed, the sentence imposed is vacated, and the cause is remanded to the Superior Court for resentencing consistent with the views expressed in this opinion.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, *R. Raymond Greco,* Special Asst. Attorney General, for plaintiff.

*William F. Reilly,* Public Defender, *Emanuel J. Lauria,* Asst. Public Defender, for defendant.