STATE

v.

Bruce **LEONARDO**.

No. 79–455–C.A.

Supreme Court of Rhode Island.

July 3, 1981.

Dennis J. Roberts, II, Atty. Gen., Alyssa L. Talanker, Sp. Asst. Atty. Gen., for plaintiff.

Amato A. DeLuca, Warwick, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is an appeal by the defendant, Bruce Leonardo, from a denial by a Superior Court justice of his motion to reduce sentence in accordance with Rule 35 of the Superior Court Rules of Criminal Procedure.

In March 1974, a Superior Court jury convicted defendant of murder in the second degree and conspiracy to commit murder. Four other individuals also had been indicted in connection with this crime. The state successfully had moved to sever Leonardo's trial from his codefendants and then presented the case against Leonardo in a trial before a jury. After Leonardo's conviction, the other four defendants pleaded guilty to various charges contained in the indictment and were sentenced.[1] Thereafter, the trial justice sentenced Leonardo to fifty years on the conviction of murder and a concurrent ten-year sentence for the conviction of conspiracy to commit murder. The defendant appealed these judgments of conviction to this court, and we affirmed. *State v. Leonardo,* R.I., 375 A.2d 1388 (1977).

A year later, defendant filed a Rule 35 motion to reduce his sentence. The defendant complained that the sentence imposed by the trial justice was unduly severe because his codefendants had received shorter sentences. In addition, defendant asserted that he had "made substantial progress towards rehabilitation" in the years since his conviction.

In denying this motion, the Superior Court justice made these observations:

"With the past record of the defendant, only parts of which I have alluded to and considering the current conviction after a long trial in which there was overwhelming evidence of guilt and in the absence of any expression of remorse or regret or contrition the Court felt that there was nothing to recommend anything but a long and severe sentence.

" * * *

"I have tried very, very hard to recreate the circumstances which existed when the sentence in this case was imposed by me to determine whether or not it was in any way illegal. It was not illegal in my opinion. It was severe, I admit, but it was called for at the time.

" * * *

"One final comment which the Court feels compelled to make is the apparent disparity and unevenness of sentences imposed on this defendant and the codefendants who were indicted with him in connection with the Giarusso murder. It is no secret that persons who assist the police and prosecution in obtaining convictions of other guilty persons do obtain favorable treatment, and sometimes are able to negotiate less severe sentences. * * * Yes, Mr. Leonardo's codefendants received lesser sentences. They did cooperate with the authorities, they did not require the state to conduct a long and costly trial, and therefore by custom and practice they were entitled and did receive favorable consideration."

In taking this appeal from the denial of his motion, defendant has shifted the focus of his argument. Instead of renewing his

---

1. One defendant entered a plea of nolo contendere.

attack directly on the severity of the sentence and emphasizing his "born-again" attitude, defendant has fastened on the last sentence in the quoted excerpt from the denial of his motion to reduce. According to defendant, the remark indicates that the trial justice abused his discretion when he sentenced him by penalizing defendant for exercising his constitutional right to a jury trial. Thus, the issue we confront is whether the trial justice's remarks demonstrate that the justice improperly considered defendant's decision to stand trial as a factor justifying imposition of a longer sentence on defendant.

■ This court will overturn a denial of a motion to reduce sentence only "where a sentence is manifestly excessive even though within authorized statutory limits * * *." *State v. Fortes*, 114 R.I. 161, 173, 330 A.2d 404, 411 (1975). In *Fortes*, we determined that a manifestly excessive sentence was a sentence "grossly disparate from sentences generally imposed for similar offenses" and imposed "without justification." *Id.; accord, State v. Giorgi*, R.I., 397 A.2d 898, 899 (1979); *State v. Rollins*, 116 R.I. 528, 539, 359 A.2d 315, 321 (1976); *State v. Crescenzo*, 114 R.I. 242, 263, 332 A.2d 421, 433 (1975). Under Rule 35, the sentencing justice "may correct an illegal sentence at any time."[2]

Having reviewed the basis for defendant's sentence, we cannot say that it was manifestly excessive. The defendant was convicted of a murder committed at the Adult Correctional Institutions while awaiting trial on an unrelated offense. His past record indicated that he had been involved in other crimes of violence. The sentencing justice was aware of other factors that demonstrated a long and severe sentence was appropriate; the sentence itself was within statutory limitations. Finally, as the sentencing justice noted, "[i]t is for the parole board to hear and consider the status and completeness of the defendant's rehabilitation at the time he becomes eligible for consideration by the parole board * *." We are confident that the parole board will give defendant due consideration of the appropriate time.

■ The defendant, however, has relied largely on the challenged statement of the sentencing justice as indicative of his attitude toward defendant at the time of passing sentence. We agree with defendant's initial contention that a judge may not impose a more severe sentence wholly, or even partly, because that defendant elected to stand trial instead of pleading guilty. *Commonwealth v. Bethea*, 474 Pa. 571, 580, 379 A.2d 102, 107 (1977); *see, e. g., United States v. Duffy*, 479 F.2d 1038, 1039 (2d Cir.) (per curiam), *cert. denied*, 414 U.S. 978, 94 S.Ct. 299, 38 L.Ed.2d 221 (1973); *United States v. Wiley*, 278 F.2d 500, 504 (7th Cir. 1960); *State v. Rollins*, 116 R.I. at 538, 359 A.2d at 320; *cf. North Carolina v. Pearce*, 395 U.S. 711, 725, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656, 669 (1969) (due process clause prohibits judge from penalizing defendant with more severe sentence because defendant exercised right to appeal).

■ Granting of leniency to defendants who plead guilty does not violate the constitutional rights of those who choose to stand trial. *See Brady v. United States*, 397 U.S. 742, 753, 90 S.Ct. 1463, 1471, 25 L.Ed.2d 747, 759 (1970). Furthermore, "[a] show of lenience to those who exhibit contrition by admitting guilt does not carry a corollary that the Judge indulges a policy of penalizing those who elect to stand trial."

2. Rule 35 of the Superior Court Rules of Criminal Procedure states:

"The court may correct an illegal sentence at any time. The court may correct a sentence imposed in an illegal manner and it may reduce any sentence within one hundred twenty (120) days after the sentence is imposed, or within one hundred twenty (120) days after receipt by the court of a mandate of the Supreme Court of Rhode Island issued upon affirmance of the judgment or dismissal of the appeal, or within one hundred twenty (120) days after receipt by the court of a mandate or order of the Supreme Court of the United States issued upon affirmance of the judgment, dismissal of the appeal, or denial of a writ of certiorari. The court may reduce a sentence, the execution of which has been suspended, upon revocation of probation.

*United States v. Thompson,* 476 F.2d 1196, 1201 (7th Cir.), *cert. denied,* 414 U.S. 918, 94 S.Ct. 214, 38 L.Ed.2d 154 (1973); *accord, United States ex rel. Miller v. LaVallee,* 320 F.Supp. 452, 455 (E.D.N.Y.), *aff'd on other grounds,* 436 F.2d 875 (2d Cir. 1970) (per curiam), *cert. denied,* 402 U.S. 914, 91 S.Ct. 1367, 28 L.Ed.2d 657 (1971). It is not enough for a defendant to point to the disparity between his sentence and that of his equally guilty codefendants to prevail on a claim that he was penalized because he chose to stand trial. *See* 3 *ABA Standards for Criminal Justice,* § 14–1.8 at 14.49 (1980).

█ Nonetheless, the defendant has asserted that the language in the sentencing justice's opinion supports his contention that he paid an unfair price for exercising his right to have a trial. We cannot agree with this conclusion. The sentencing justice's comments were made four years after he had imposed the sentence and arose in the context of a motion to reduce, not at the time of sentence itself. *Cf. United States v. Araujo,* 539 F.2d 287, 292 (2d Cir.), *cert. denied sub nom., Rivera v. United States,* 429 U.S. 983, 97 S.Ct. 498, 50 L.Ed.2d 593 (1976) (challenged comments regarding sentencing merely "offhand" remarks to jurors). This fact by itself is not dispositive of the issue, but it must be considered in any analysis of the disputed remarks. Similarly, we must consider the entire opinion as well as the foundation upon which the sentencing justice made his decision. *See United States v. Underwood,* 588 F.2d 1073, 1078 (5th Cir. 1979). When the record is reviewed, it is clear that the sentencing justice's comment about the "long and costly trial" was merely an explanatory reference regarding the less severe sentences given to Leonardo's codefendants. Moreover, this statement was made after the sentencing justice had delineated an entirely reasonable basis upon which he had imposed sentence. Therefore, we do not believe that the sentencing justice penalized the defendant for exercising his right to trial by jury.

The defendant's appeal is denied and dismissed, and the case is remitted to the Superior Court.

SHEA, J., did not participate.