798 F.2d 1413
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bobby J. BROWN, Plaintiff-Appellant,
v.
REYNOLDS AND REYNOLDS CO., Defendant-Appellee.
 No. 86-3004.
 United States Court of Appeals, Sixth Circuit.
 July 28, 1986.
 
 Before KENNEDY, WELLFORD and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 The plaintiff appeals the order granting the defendant's motion for involuntary dismissal of his pro se Title VII action. He now moves for appointment of counsel and for the preparation of the trial transcript at government expense. These motions were referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 The plaintiff was employed by the defendant Company as a hand trucker. Following disputes and altercations with co-workers, one of which had resulted in a two-day suspension, the plaintiff was discharged from employment in December, 1981. He utilized the grievance system, but an arbitrator found the discharge was for good cause. He also filed charges of racial discrimination with the Ohio Civil Rights Commission, but that body issued a report on October 26, 1983, concluding the plaintiff's "discipline and subsequent discharge were for reasons other than his race or color." After the Equal Employment Opportunity Commission issued a right-to-sue letter, the plaintiff filed the present pro se action under Title VII.
 
 
 3
 This action pro ceeded to a bench trial. After the presentation of the plaintiff's evidence, the defendant moved for involuntary dismissal under Rule 41(b), Federal Rules of Civil Procedure, on grounds the plaintiff had shown no right to relief. In an oral opinion transcribed and placed in the record, the district court reviewed the evidence and concluded the plaintiff had failed to present any evidence that his discipline and discharge were racially motivated or racially biased. Even assuming the truth of the plaintiff's statements, the court further observed, there was no showing that similarly situated white employees were treated differently. Finding the plaintiff had failed to present even a prima facie case of discrimination, the court granted the motion for involuntary dismissal.
 
 
 4
 A party proceeding on appeal in forma pauperis may be provided with a transcript at government expense "if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. Sec. 753(f). The district judge in this case refused such certification, finding instead that the case presented no substantial questions. Upon review of the record, this Court reaches the same conclusion.
 
 
 5
 Under Rule 41(b), the defendant in a bench trial may move for involuntary dismissal at the close of the plaintiff's evidence on grounds the plaintiff has shown no right to relief. The trial judge must weigh and evaluate the evidence on record, but need make no special inferences in favor of the plaintiff. Hersch v. United States, 719 F.2d 873, 876 (6th Cir.1983). The trial judge's decision to grant a motion for involuntary dismissal can be reversed only if clearly erroneous. Hersch, supra, 719 F.2d at 877; D.E. Rogers Associates, Inc. v. Gardner-Denver Co., 718 F.2d 1431, 1434 (6th Cir.1983), cert. denied, 467 U.S. 1242 (1984). In reviewing the record below, this Court cannot try the case de novo, pass on the credibility of witnesses, or resolve conflicts in the evidence; these matters are reserved for the finder of fact. Continental Casualty Co. v. DLH Services, Inc., 752 F.2d 353, 356 (8th Cir.1985); United States v. Madden, 482 F.2d 850, 851 (8th Cir.), cert. denied, 414 U.S. 1026 (1973).
 
 
 6
 From a reading of the plaintiff's notice of appeal and the informal brief filed in this Court, we discern three possible issues the plaintiff seeks to raise on appeal:
 
 
 7
 (1) The report of a Dayton, Ohio, policeman entered into evidence was falsified and a policeman perjured himself on the stand;
 
 
 8
 (2) The plaintiff did not violate any Company rules and the Company falsified the reasons given for his discharge; and
 
 
 9
 (3) The district court erred in granting a motion by the Ohio Civil Rights Commission (OCRC) to quash a subpoena served upon its Director for the Dayton Regional Office.
 
 
 10
 The first two of these issues go to the credibility of witnesses and the possibility of conflicting evidence. The district court is the exclusive arbiter of such matters and we decline review of these matters on appeal. The third issue is a procedural one which, we conclude, has no arguable merit. The decision of the OCRC is found in the record. There appears no necessity for the plaintiff to have called as a witness the official who signed the report or to require that official to produce the investigative file relative to that report. We conclude the district court did not abuse its discretion in granting the motion to quash and a companion motion for a protective order.
 
 
 11
 This Court finding no substantial questions in this appeal,
 
 
 12
 It is ORDERED that the motion for preparation of a trial transcript at government expense be and it hereby is denied. Likewise, it is ORDERED that the motion for appointment of counsel also be and it hereby is denied.
 
 
 13
 Upon examination of the record and the plaintiff's informal brief, this panel agrees unanimously that oral argument is not needed in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. Accordingly,
 
 
 14
 It is further ORDERED that the district court's judgment of November 29, 1985, be and it hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.