**STATE**

v.

**Alceu PIRES.**

**No. 87–62–C.A.**

Supreme Court of Rhode Island.

June 9, 1987.

**1314**

William Reilly, Public Defender, Barbara Hurst, Asst. Public Defender, Providence, for plaintiff.

James E. O'Neil, Atty. Gen., Thomas Dickinson, Asst. Atty. Gen., Providence, for defendant.

## OPINION

PER CURIAM.

This matter is before the Supreme Court pursuant to an order issued to the state and to the defendant to appear and show cause why the issues raised in the appeal should not be summarily decided. After examining the memoranda submitted by the parties and listening to their oral arguments, the court concludes that the sentence imposed must be vacated and the case remanded to the Superior Court.

In September 1983 defendant, Alceu Pires, entered a store at night through a previously broken window and took two packages of cigarettes. He was arrested, convicted, and sentenced to two years' probation on this original charge. In June 1986 defendant was arrested in connection with an armed robbery and charged with one count of robbery, one count of conspiracy, and one count of assault with intent to murder. At his violation hearing in September 1986 defendant admitted the violation. Thereafter the trial justice adjudicated him a probation violator and imposed a ten year sentence, the maximum possible for the original charge. He stated that he was imposing the maximum because the act of violation, that being the armed robbery, was so serious.

In *State v. Fortes*, 114 R.I. 161, 174, 330 A.2d 404, 411–12 (1975), we said:

"[the violation] hearing was not held for the purpose of punishing defendant for the new offense. Although the latter is the precipitating cause for the revocation hearing, it should play no part in determining the extent of the penalty to be imposed on the charge on which sentence had formally been deferred. Punishment for the new offense must await the disposition of the case in which the new offense is charged."

The record in this case discloses that the trial justice specifically rejected the *Fortes* holding. He was in error in doing so, and we must therefore vacate the sentence and remand for resentencing consistent with our holding in *Fortes*.

We have never held that the trial justice must completely ignore the nature of the second offense when imposing a sentence for a probation violation. However, we have held that the trial justice should be guided principally by consideration of the nature of the first offense. We believe that the benchmarks promulgated as policy for sentencing by the Superior Court provide acceptable guidance and a reasonable range for the imposition of a sentence at a violation hearing.

Accordingly the sentence imposed must be vacated and the case is remanded to the Superior Court for proceedings consistent with this opinion.