GEORGE LAMOUREUX *vs.* BURRILLVILLE RACING ASSOCIATION.

MAY 31, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This action of the case in assumpsit was brought to recover damages for the breach of an alleged agreement to employ the plaintiff as a mutuel clerk at the defendant's race track in the town of Lincoln. In the superior court a justice thereof sustained the defendant's demurrer to the amended declaration and the case is here on the plaintiff's exception to such decision.

The plaintiff alleges a contract of hiring, a breach thereof and consequent loss to himself. The pertinent portion of the amended declaration is as follows: "* * * on the 7th day of July 1949 agreed with the plaintiff that he, the said plaintiff, would be given employment as a mutuel clerk for the defendant corporation at the rate of Thirteen ($13) Dollars per day at all horse race meetings conducted by the defendant corporation at its Lincoln track, from July 7, 1949 until December 31, 1949, in preference to any other employee who had not to his credit a length or term of service as a mutuel clerk for the defendant corporation equal

to that of the plaintiff's, provided, however, that there be available employment as a mutuel clerk for the plaintiff, and he was at all times, when said employment as such mutuel clerk was available, ready, able and willing to perform the duties of such mutuel clerk, and that all the terms and conditions of this said agreement would be automatically renewed for the calendar year 1950, unless the defendant corporation terminated such contract by written notice within sixty (60) days prior to said December 31, 1949, and would be automatically renewed for the year 1951 unless the defendant corporation, within sixty (60) days prior to December 31, 1950 terminated, by written notice, the said employment of the plaintiff; and the said plaintiff then and there promised to perform the services of such mutuel clerk for the defendant corporation in accordance with the terms and conditions aforesaid."

The defendant demurred upon the following six grounds:

"1. Said amended declaration does not allege any consideration for the alleged promise of the Defendant.

"2. The contract declared upon appears by said amended declaration to be without consideration.

"3. The contract declared upon in said amended declaration appears to be one of hiring for an indefinite period and therefore terminable at the will of either party.

"4. It does not appear in and by said amended declaration that the contract declared upon in said amended declaration was in writing or that any sufficient memorandum thereof in writing was made and therefore since said contract was not to be performed within one year said contract is unenforceable under the statute of frauds.

"5. The allegations of said amended declaration are so vague, indefinite and uncertain that they fail to show any contract between the Plaintiff and the Defendant.

"6. That the allegations of said amended declaration are so vague, indefinite, uncertain and ambiguous that they fail to state a cause of action."

Ground 4 is not relied upon and therefore will not be considered.

The trial justice sustained the demurrer on the first three grounds and overruled it as to the other grounds. As we read the first two grounds they raise the question of whether there was a contract between defendant and plaintiff for the future employment of the latter. From the amended declaration it appears that defendant employed many mutuel clerks at its race track and that it gave preference to them on the basis of their length of service.

The plaintiff contends that the words set forth in the declaration constituted an agreement with him for the three years mentioned, and that notwithstanding the alleged agreement his employment was terminated by defendant on October 13, 1949. In our opinion the words which plaintiff contends constituted an offer to him and which he accepted, thereby constituting an agreement, were nothing more than a statement by defendant of the conditions which would govern the employment of mutuel clerks at the beginning of each racing meet in the following three years. In effect defendant stated that for the next three years unless some change was made, of which sixty days' notice would be given, the rate of pay would be $13 per day and seniority rights would be recognized in the hiring of such clerks.

In the statement made by defendant there was no attempt to bind the plaintiff or any other person. Such statement was substantially that if plaintiff was ready, able and willing to work, that is, desired to work, at the time of any meet within the next three years the conditions of employment would be as stated. It was in no sense an engagement entered into on July 7, 1949 for the next three years. The defendant could not at any time compel plaintiff to work for it rather than for some other employer, since plaintiff never promised to do so. The plaintiff could always assert that he was not willing to work.

98

If we consider that the defendant's words constituted a proposal the plaintiff gave no consideration for the agreement which he asserts existed. If at any time within the period mentioned the plaintiff began to work he knew the rate of pay and the conditions generally of employment and performance of the work would then be his consideration for the agreement which would exist between him and defendant.

The plaintiff contends that the consideration moving to defendant was his promise to perform the contract in accordance with its conditions and terms. As we read the declaration there was no promise to work unconditionally as a mutuel clerk. There was merely a promise to perform in accordance with the terms and conditions as outlined. These clearly allowed plaintiff to say at any time that he was not willing to work.

In 17 C.J.S. Contracts §1, p. 310, a contract is defined as follows: "A contract is an agreement which creates an obligation. Its essentials are competent parties, subject matter, a legal consideration, mutuality of agreement, and mutuality of obligation." In the instant case there was no consideration for future hiring flowing from plaintiff to defendant. Not until plaintiff began to work, if he did work, did he give any consideration for defendant's offer of work. Likewise there was no mutuality of obligation. The defendant at the opening of the racing season could offer plaintiff work but plaintiff could say that he was not willing to accept it.

In 1 Restatement, Contracts §2 b. it states, "An apparent promise which according to its terms makes performance optional with the promisor whatever may happen, or whatever course of conduct in other respects he may pursue, is in fact no promise, although often called an illusory promise."

We are of the opinion that on July 7, 1949 the parties did not enter into a contract covering work for plaintiff at

racing meets for the remainder of 1949 and for the whole of 1950 and 1951 as alleged in the declaration and as plaintiff contends here.

If on July 7, 1949 or at the beginning of any subsequent racing meet plaintiff accepted the wage offer, had a proper rating, and began to work, there was an agreement to recompense him for such time as he worked at the rate previously named. Such employment bound neither party for future meets. If plaintiff or any other person similarly situated was in a position to work at the opening of any racing meet and had the proper rating, he could accept defendant's terms and his performance would be the consideration for defendant's proposal. While there was no single contract for the various meets extending over the period of three years there could be several agreements for individual meets depending on plaintiff's willingness to work and on his rating.

As to the third ground of demurrer which raises the question of terminability of the hiring, since there was no contract for a definite period, plaintiff was at liberty to start work at any time and defendant was free to terminate the hiring at will. *Booth* v. *National India Rubber Co.*, 19 R. I. 696.

The plaintiff cites the cases of *Hatch* v. *Sallinger*, 47 R. I. 395, and *Minor* v. *Narragansett Machine Co.*, 71 R. I. 108. In each of these cases it was determined that the hiring of the plaintiff was for a definite period and he was therefore allowed to recover. They are not opposed to the *Booth* case, *supra*, where the hiring was for an indefinite period.

The plaintiff's exception to the decision sustaining the demurrer is overruled, and the case is remitted to the superior court for further proceedings.

*Charles A. Curran*, for plaintiff.

*Corcoran, Foley & Flynn, Francis R. Foley*, for defendant.