## STATE

v.

**Bruce L. UPHAM.**

No. 81–69–C.A.

Supreme Court of Rhode Island.

Jan. 13, 1982.

Dennis J. Roberts II, Atty. Gen., John J. McMahon, Melanie Wilk Spencer, Sp. Asst. Attys. Gen., for plaintiff.

Stone, Clifton & Clifton, Edward C. Clifton, Providence, for defendant.

## OPINION

SHEA, Justice.

The defendant, Bruce L. Upham (Upham), presents his second appeal to this court on this occasion after a trial justice of the Superior Court denied his second motion for reduction of his sentence. We deny the appeal and affirm the sentences imposed.

Upham was convicted by a jury on November 3, 1978, on a four-count indictment [1] charging rape; the abominable and detestable crime against nature, sodomy; burglary of a dwelling; and assault with a dangerous weapon. The trial justice initially imposed the following sentences:

Count 1—life imprisonment, to run consecutively to the sentences imposed under Counts 2 and 3;

Count 2—twenty years' imprisonment;

Count 3—five years' imprisonment, to run concurrently with the sentence imposed under count 2;

Count 4—ten years' imprisonment, suspended, ten years' probation following release from prison.

Upham filed his first motion for reduction of sentence pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure in January of 1979. While denying the motion, the trial justice modified the sentence under Count 4, reinstating the ten-year prison term to run concurrently with the terms under Counts 2 and 3. On his appeal from that motion Upham argued that the trial justice had no statutory au-

---

1. The substantive facts are reported in *State v.*     *Upham*, R.I., 415 A.2d 1029 (1980).

thority to impose consecutive sentences. We denied the appeal, holding that the trial justice had acted well within his authority pursuant to the statute then in question, G.L. 1956 (1969 Reenactment) § 12–19–5. *State v. Upham*, R.I., 415 A.2d 1029 (1980).

Upham thereafter filed his second motion in the Superior Court to reduce his sentence under Rule 35.[2] In it he pressed a different argument, arguing to the trial justice that he must reduce the sentence because it is "without justification and grossly disparate from sentences generally imposed upon similar offenses." In support of his motion, Upham argued only that he had committed no infraction of discipline since his incarceration. The motion was denied. The trial justice stated in part:

"It is of the Court's opinion that at the time I imposed a sentence in this case, I had the benefit of a detailed presentence report, that at the time I imposed sentence I spread upon the record those facts which I took into consideration as mandating not only the length of sentences in years, but my reasons for imposing a consecutive life sentence.

"Rule 35 is intended to allow a justice * * * to consider whether or not, at the time he imposed sentence, that he was unduly harsh in sentencing a defendant, or whether there is or was * * * factual matters [sic] which, had be known of their existence at the time he imposed sentence, he would have been inclined to be less severe.

"It is properly noted on the record that the manner in which the defendant responds to incarceration may properly be considered by the parole authorities * *. Rule 35 does not contemplate * * * consideration [of] his conduct after the imposition of [his] sentence.

"I find, however, that while the sentences are severe, the crimes for which this defendant was convicted were severe offenses against a person.

"I find nothing before the Court, nor in the motion filed by counsel, which would move me to disturb the sentences previously imposed * * *."

■ In these situations this court will exercise its inherent power to review a sentence when the imposition of the sentence is without justification and grossly disparate from sentences generally imposed for similar offenses. *State v. Fortes*, 114 R.I. 161, 173, 330 A.2d 404, 411 (1975). However, that power, though inherent, is extremely limited. It will be used only in the exceptional case and always in the context of a strong policy against interference with the discretion exercised by the trial justice. *Id.; see also, State v. Giorgi*, R.I., 397 A.2d 898, 899 (1980).

■ There are several considerations that are relevant in the sentencing procedure that a trial justice, as the circumstances demand, may legitimately take into account in determining the appropriate sentence. He or she may consider the severity of the crime, the possibilities for rehabilitation, and the deterrence to others that a particular sentence might accomplish. Another valid consideration is what particular sentence would be appropriate punishment for the crime involved. In our opinion the trial justice did not abuse his discretion in imposing Upham's sentences as affirmed by this court on his previous appeal.

■ There is nothing in the present record that would support Upham's claim that the sentences are grossly disparate. He has argued that to place the burden on him of surveying other similar cases and their concomitant sentences is too onerous. He has presented nothing to establish disparity. Upham, however, does have the burden of supporting his contention that the sentences

**2.** Rule 35 of Super.R.Crim.P. requires such motions to be filed, as in this case, 120 days after remand to the Superior Court from the Supreme Court. Upham's second motion was timely filed but was decided after the 120-day period had expired. The trial justice qualified his decision on the merits by stating that under his interpretation of the rule, the time period is jurisdictional rather than procedural. Both Upham and the state maintain that the rule is merely procedural. For purposes of this appeal, we assume without deciding that the parties' position is correct.

imposed on him were grossly disparate. He has failed completely to show the necessary exceptional circumstances that would justify our reversal of his sentence. He cannot expect the prosecutor or this court to supply the necessary proof he needs to sustain his burden.

The defendant's sole argument is that up until now he has been a model prisoner. Such a fact is entirely irrelevant to a reexamination of the reasons for the imposition of sentence in the first place. Moreover, we expect nothing less than good behavior as a minimum from inmates of our correctional institutions.

The appeal is therefore dismissed, and the imposition of sentence is affirmed. The papers are remanded to the Superior Court.