**Frank A. CARTER, Jr. Chief Disciplinary Counsel**

v.

**Allegra E. MUNSON.**

**No. 82–485–M.P.**

Supreme Court of Rhode Island.

Nov. 5, 1982.

Frank A. Carter, Jr., pro se.

John Tramonti, Jr., Providence, for respondent.

## OPINION

**PER CURIAM.**

This case comes before us on an order issued to the respondent attorney to show cause why she should not be disciplined pursuant to the provisions of Sup.Ct.R. 42–12(a) and (d) which read as follows:

"(a) Upon the filing with this court of a certified copy of an order demonstrating that an attorney has been convicted of a crime which is punishable by imprisonment for more than one year in this or any other jurisdiction, this court may direct the respondent-attorney to show cause why he [she] should not be suspended during the pendency of any appeal and until the final disposition of any disciplinary proceeding instituted against him based upon such conviction.

"(d) Upon receipt of a certificate of a conviction of any attorney for a crime other than a crime referred to in (a) above, this court shall take such action as it deems warranted."

The foregoing order was issued because respondent attorney had pleaded guilty to a charge of violating § 11–41–6, G.L. 1956 (1981 Reenactment) (attempted larceny of less than $500—a misdemeanor) and was fined $500 on July 2, 1982. Following the service of a notice to show cause, respondent appeared before this court on August 19, 1982, and stated the facts leading up to her indictment and conviction. The facts underlying this conviction are undisputed.

The respondent attorney, at the request of one friend and at her own instance in respect to a second friend, decided to request that a commercial registration plate and two vanity plates be manufactured at the plate shop at the Adult Correctional Institutions without filing an application with the Registry of Motor Vehicles.

In order to implement this plan, the respondent sent by messenger a letter directed to an inmate at the Adult Correctional Institutions requesting that the plates be manufactured. Since the inmate bore the same last name as the warden of the Adult Correctional Institutions, respondent's messenger mistakenly delivered the letter to the warden. The warden notified the state police of this request and ultimately a

three-count indictment was issued against respondent.

The first count charged her with conveying an article into the Adult Correctional Institutions without the consent of the Assistant Director of Adult Services in violation of G.L. 1956 (1981 Reenactment) § 11–25–14, as enacted by P.L. 1976, ch. 290, § 9. The second count charged her with failing to fulfill conscientiously the duties of the public office conferred upon her (Assistant Public Defender) in violation of G.L. 1956 (1969 Reenactment) § 36–4–55, and the third count charged her with attempted larceny of the three proposed registration plates. As a result of plea negotiations the first two counts were dismissed and respondent pleaded guilty to the third count of attempted larceny of the plates. In addition respondent resigned her position as an attorney in the Public Defender's office, thus relinquishing a salary approximating $35,000 per annum. This fact was considered by the trial justice in imposing a fine of $500 as punishment for this offense.

The respondent contended before us that she expected the would-be recipients of the commercial and vanity plates to pay their usual registration fee. She further contended that there was no intention of depriving the state of any property or proceeds to which it would normally be entitled. The difficulty with this contention is that it is wholly inconsistent with her plea of guilty to the charge of attempted larceny. A judicial admission is among the most solemn and probative evidentiary offerings known to the law. In the face of a judicial admission, a factual question is normally removed from the area of controversy. *See McCormick's Handbook of the Law of Evidence* § 265 at 633–36 (2d ed. Cleary 1972). Consequently, the respondent's explanation must be viewed in the light of her voluntary plea to the criminal charge.

Taking into account the conviction for attempted larceny pursuant to a plea of guilty, the explanation given by the respondent, the penalty imposed by the Superior Court, and the forced resignation of the respondent from a position of honor and responsibility, we are of the opinion that discipline by this court in the form of a suspension for a period of three months would be appropriate.

Therefore, for the reasons stated, we hereby order that the respondent be suspended from the practice of law for a period beginning December 1, 1982, and continuing until February 28, 1983. The respondent is directed to furnish the clerk of this court on or before November 30, 1982 the names and addresses of all clients presently represented by her.

KELLEHER, J., participated in a portion of the hearing but subsequently recused himself and did not participate in the decision.