**L.T. HUDDON, INC., d/b/a L.T. Huddon & Associates et al.**

v.

**SWAROVSKI AMERICA LIMITED et al.**

No. 84–192–Appeal.

Supreme Court of Rhode Island.

June 5, 1986.

Anthony E. Grilli, Providence, for plaintiff.

Seth K. Gifford, Licht & Semonoff, Providence, for defendant.

OPINION

WEISBERGER, Justice.

This case comes before us on the plaintiffs' appeal from a judgment entered in the Superior Court in favor of the defendants in a civil action for breach of contract of employment. The judgment was entered after a jury verdict based upon the jury's answer to a written interrogatory. We vacate the judgment and remand for a new trial. The facts of the case insofar as pertinent to the appeal are as follows.

Laurence T. Huddon (Huddon) was engaged as a jewelry designer by defendant Swarovski America Limited (Swarovski) through its president, Lawrence E. Metcalfe (Metcalfe), at a salary of $75,000 per year. Under this agreement Huddon was

to work full time for Swarovski and was to forego all of his freelance jewelry-designing work. Huddon began working in early June 1979. About two months later, a disagreement arose concerning whether Huddon was working for Avenir Corporation on Swarovski's products or whether he was working as a freelance designer for Avenir. As a result of this disagreement, Huddon was either terminated by Metcalfe or decided to leave voluntarily. This issue was never specifically decided by the jury.

Crucial to our determination of this case is the question of whether Huddon was engaged for a definite period of one year, as he contends, or whether he was engaged for an indefinite period of time, as defendants claim. In his complaint Huddon made the following allegation concerning his employment:

"On or about June 13, 1979, Plaintiffs contracted with Defendants for the full-time services of Plaintiff, Laurence T. Huddon at a rate of seventy-five thousand ($75,000.00) dollars for a one-year period payable in weekly installments."

To this allegation, defendants filed an answer that stated, "[A]dmitted." Huddon contended at the trial that this answer conclusively established a contract of employment for one year. The trial justice, however, ruled that this pleading was ambiguous and submitted the issue of the period of employment to the jury for determination in interrogatory number 1, which read as follows:

"Have the plaintiffs, L.T. Huddon, Inc. and Laurence T. Huddon, proven by a fair preponderance of the evidence that Laurence T. Huddon was hired for a definite period and that Laurence T. Huddon was faithfully performing under his agreement and that defendant wrongfully terminated him?
* * *

"In the event your answer to Question 1 is 'No', then do not answer any further

questions and you shall return a verdict for the defendant * * *."

By the terms of this interrogatory, the jury was allowed to determine as a question of fact whether Huddon had been hired for a definite period. In the event that the jury was to find that Huddon's employment was for an indefinite period of time, presumably it was unnecessary for it to decide the other two questions of fact since an indefinite agreement of employment would be terminable at will by either party. *School Committee of Providence v. Board of Regents for Education*, 112 R.I. 288, 291, 308 A.2d 788, 790 (1973); *Lamoureux v. Burrillville Racing Association*, 91 R.I. 94, 99, 161 A.2d 213, 216 (1960). The plaintiffs contend that by their admission of allegations in the twenty-first paragraph of the complaint, defendants had removed this question from the area of controversy. *See Bengtson v. Hines*, 457 A.2d 247, 250 (R.I. 1983); *Carter v. Munson*, 452 A.2d 309, 310 (R.I.1982).

■ In our opinion plaintiffs were correct in this contention, and the trial justice erred in submitting this question of fact to the jury. We believe that this pleading was not ambiguous and clearly established by allegation and admission that Huddon had been engaged for a one-year period. Thus, it was established by judicial admission that Huddon was hired for a definite period. This judicial admission obviated the need of plaintiffs to produce evidence on this fact and precluded defendants from challenging the fact. *Martin v. Lilly*, 505 A.2d 1156, 1161 (R.I. 1986); *Bengtson*, 457 A.2d at 250; Friedenthal, Kane and Miller, *Civil Procedure* § 5.18 at 283 (1985); Clark, *Code Pleadings* § 91 at 579–80 (2d ed. 1947). By permitting the jury to make a finding of fact inconsistent with this admission, the trial justice was in error.

■ Although the interrogatory included three elements, beginning with the question of whether there had been a hiring for

a definite period, it is only possible to conclude that the jury decided the first element in the defendants' favor at the outset. It was, of course, appropriate to submit to the jury the question of whether Huddon faithfully performed under the agreement and whether the defendants wrongfully terminated Huddon's employment. However, it would be unnecessary for the jury to reach these latter two questions unless there was a definite period of engagement. Consequently, we must conclude that the submission of the question of whether there was a definite period of hiring was prejudicial to Huddon.

For the reasons stated, the plaintiffs' appeal is sustained, the judgment entered for the defendants is vacated, and the papers in the case may be remanded to the Superior Court for a new trial.