STATE

v.

David N. GORDON, Jr.

No. 86–471 C.A.

Supreme Court of Rhode Island.

March 31, 1988.

James E. O'Neil, Atty. Gen., Annie Goldberg, Thomas Dickinson, Asst. Attys. Gen., for plaintiff.

Barbara Hurst, Paula Rosin, Asst. Public Defenders, for defendant.

## OPINION

FAY, Chief Justice.

On September 30, 1983, following retrial, the defendant, David N. Gordon, Jr., was convicted of first-degree arson and conspiracy to commit arson.[1] The fire for which a Superior Court jury found the defendant culpable occurred on June 22, 1981. The conflagration destroyed Turilli's Furniture Company, which had been located on Warwick Avenue in Warwick, Rhode Island. The trial justice rejected the state's recommendation of a twenty-five-year sentence, which consisted of fifteen years on the arson count to be served concurrently with ten years' imprisonment for the conspiracy count, followed by a ten-year suspended sentence remaining for the arson. Instead the trial justice sentenced Gordon to fifty years for the arson, ensued by ten years to serve for the conspiracy.

In *State v. Gordon*, 508 A.2d 1339 (R.I. 1986), this court denied and dismissed defendant's first appeal, which challenged the merits of his conviction.[2] Subsequent to that disposition, defendant moved pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure to reduce his sentence.[3] In that motion, defendant urged the same trial justice who had formulated the sentence to reexamine its proportionality. This case comes before us again, this time on appeal from the trial justice's denial of the motion to reduce.

The defendant contends that the trial justice pronounced a sentence that is grossly disparate to those imposed in other first-degree arson cases and that he unduly emphasized the financial and emotional loss on the part of the Turilli family. The defendant argues that had he accepted the prosecution's original plea bargaining agreement, he would have served only five years.[4]

█ Although we realize the devastating impact a sixty-year term would have on any person, we hold that the trial justice remained within the parameters of his discretion in formulating the sentence. The arson statute, G.L. 1956 (1981 Reenactment) § 11–4–2 reads in pertinent part:

> "Any person who knowingly causes, procures, aids, counsels or creates by means of fire or explosion, a substantial risk of serious physical harm to any person or damage to any building the property of himself or another, whether or not used for residential purposes, which is occupied or in use or which has been occupied or in use during the six (6) months preceding the offense or to any other residential structure, shall, upon conviction, be sentenced to imprisonment for not less than five (5) years and may be imprisoned for life and shall be fined not more than five thousand dollars ($5,000) or both * * *."

The statute plainly permits life imprisonment for the crime. Given our narrow scope of review in appeals based on Rule 35, we affirm the trial court decision.

In *State v. Fortes*, 114 R.I. 161, 173, 330 A.2d 404, 411 (1975), this court explained that it has appellate power to review actions of other Rhode Island courts as part of its general supervisory control. We determined that even absent express statu-

---

1. The defendant's first trial on the charges ended in a mistrial. The facts surrounding the defendant's conviction are set forth in *State v. Gordon*, 508 A.2d 1339 (R.I.1986).

2. Specifically, defendant premised his appeal on the applicability of the double jeopardy bar, the admissibility of certain evidence, the trial justice's denial of defendant's motion for judgment of acquittal on the conspiracy count, and the trial justice's definition of reasonable doubt in his jury charge.

3. Rule 35 of the Superior Court Rules of Criminal Procedure reads in pertinent part:
   "The court may correct an illegal sentence at any time. The court may correct a sentence

imposed in an illegal manner and it may reduce any sentence within one hundred twenty (120) days after the sentence is imposed, or within one hundred twenty (120) days after receipt by the court of a mandate of the Supreme Court of Rhode Island issued upon affirmance of the judgment or dismissal of the appeal * * *."

4. This sentence would have run concurrently with a six-year term in Florida. The defendant fled Rhode Island after the fire and went to Florida, where he was charged and convicted of breaking and entering.

tory authority, this court has the power to review a sentence alleged to be excessive although within the statutory limit. *Id.* at 172, 330 A.2d at 411. Recognizing the strong policy against interfering with the decisions of the trial justice, we warned, however, that "[w]e should use this power only when the record points convincingly to the conclusion that the sentencing justice has without justification imposed a sentence which is grossly disparate from sentences generally imposed for similar offenses." *Id.* at 173, 330 A.2d at 411; *see also State v. Ouimette,* 479 A.2d 702, 704 (R.I. 1984); *State v. Giorgi,* 121 R.I. 280, 282, 397 A.2d 898, 899 (1979). The defendant bears the burden of proving that the sentence violates this standard. *State v. Ouimette,* 479 A.2d at 704. We believe that defendant has failed to fulfill his burden of proof.

The analysis begins with the proposition that the trial justice has the power to impose a more severe punishment than the prosecution recommends. *Leonardo v. State,* 444 A.2d 876, 877 (R.I. 1982); *see also* G.L. 1956 (1981 Reenactment) § 12–19–2 (permitting the court to select, in its discretion, the punishment to be imposed). It is therefore within his discretion to increase the term to suit the circumstances of the particular crime involved. Although in arriving at his decision a trial justice may use benchmarks as a guide to the proportionality of a term, he is bound only by the statutory limits. *See* Sentencing Study Committee, Rhode Island Supreme Court, Report of the Sentencing Study Committee (January 1981). Defense counsel's thorough examination of other arson sentences may reveal a norm, but not a mandate. In formulating a fair sentence, the trial justice bears the affirmative duty to treat each defendant separately, focusing on the individual's unique background and character. *State v. Bertoldi,* 495 A.2d 247, 253 (R.I. 1985). He should consider the gravity of the crime, the possibilities for defendant's rehabilitation, deterrence to others, and the appropriateness of the punishment for the crime. *Id.* (citing *State v.*

*Upham,* 439 A.2d 912 (R.I. 1982)); *State v. Ouimette,* 479 A.2d at 705. In estimating the ability to be rehabilitated, the sentencing judge examines a defendant's attitude toward society, his sense of remorse, as well as his inclination and capacity to take his place as an honest and useful member of society. *State v. Bertoldi,* 495 A.2d at 253.

An examination of the transcript indicates that the trial justice considered all these relevant factors. He was cognizant of defendant's youth and aware that his record indicated disregard for authority rather than violence. He acknowledged that defendant may not have intended the total destruction that he caused. Against these facts, however, the trial justice weighed several other factors. He considered arson to be "a very serious crime, one that strikes at the very heart of civilized society." The evidence indicated that defendant committed that serious crime as a diversion in order to commit the additional crime of robbery at the Turilli residence. The trial justice's eagerness to hear defendant exercise his right of allocution reflects a willingness to accord to defendant a reason to diminish the term. In sentencing, the trial justice stated:

> "[I]n the presentence report, when the defendant had an opportunity to exhibit some of that remorse that we look for * * * he indicated to the probation counselor that he didn't want to say anything without his lawyer being present, and then he indicated he would probably have a statement to make in open court at the time of sentencing. That's why I was particularly interested in hearing what he had to say here this morning, and he didn't want to say anything." [5]

Finally the trial justice's remarks at sentencing indicate that the deterrent purpose of criminal punishment factored heavily into his decision. He stated that the sentence would serve as a warning that criminal activity will not be tolerated. At the hearing on the motion to reduce he asserted that deterrence was "paramount to his decision." The defendant contends that

---

5. When asked if he had anything to say on his own behalf, defendant answered, "Nope."

the trial justice placed undue emphasis on Turilli's financial loss and emotional suffering. He claims that he is being penalized because of Turilli's lapse in insurance coverage. Deterrence, however, supports the propriety of the trial judge's considerations. In *State v. Ouimette*, 479 A.2d at 705, a case concerning the reduction of a sentence for armed robbery, this court stated, "[s]ince deterrence is one of the legitimate considerations any sentencing judge should consider, the amount stolen might well have an impact on the kind of sentence that would serve to deter others." The sentencing judge could thus weigh the disastrous consequences this crime inflicted on the Turilli family.

For the foregoing reasons the defendant's appeal is denied and dismissed, and the judgment appealed from is affirmed.