[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
The law relative to the amount or term of punishment for a criminal defendant in the State of Rhode Island is set forth in Chapter 19 of the General Laws. G.L. 1956 (1981 Reenactment) §12-19-2 provides, in part, as follows:
 Whenever it is provided that any offense shall be punished by a fine or imprisonment, the court imposing such punishment may, in its discretion, select the kind of punishment to be imposed, and if such punishment be fine or imprisonment, the amount or term of the same within the limits prescribed by law . . .
In regard to the imposition of sentencing in the present matter, the court was well within the parameters set forth in the general laws.
The law regarding the sentencing of criminal defendants is discretionary in nature. The trial justice is given the right to reject the state's recommendation of a sentence if she so chooses. To illustrate, the Rhode Island Supreme Court recently upheld a sentence of 50 years for first degree arson and 10 years for conspiracy to commit arson, where the trial justice had rejected the state's recommendation of a 25 year sentence. See,State v. Gordon, 539 A.2d 528 (R.I. 1988).
In Gordon, the defendant moved pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure to reduce his sentence. Rule 35 provides in pertinent part:
 The court may correct an illegal sentence at any time. The court may correct a sentence imposed in an illegal manner and it may reduce any sentence one hundred twenty (120) days after the sentence is imposed, or within one hundred twenty (120) days after receipt by the court of a mandate of the Supreme Court of Rhode Island issued upon affirmance of the judgment or dismissal of the appeal . . .
In his motion, the defendant urged the trial justice who had originally imposed the sentence to reexamine its proportionality. The trial justice thereafter denied the defendant's motion to reduce.
The defendant in Gordon argued that the trial justice had imposed a sentence which was not in proportion with those imposed in other first degree arson cases. The defendant further contended that the judge placed undue emphasis on the emotional and financial loss suffered by the victims of the arson. In addition, he argued that had the prosecution's original plea bargaining agreement been accepted, he would have served only five years. The court ultimately held that the trial justice had remained within the parameters of his discretion in formulating the sentence.
Initially, the Gordon court took note of the narrow scope of review which exists in appeals based on Rule 35. Gordon, 539 A.2d at 529. The court proceeded to set forth an instructive overview of Rhode Island law in relation to a judge's latitude when imposing a sentence. In this regard, the trial court has very broad discretion when determining whether to reduce a sentence. The ruling of the trial justice will be overturned only in exceptional circumstances, "when the record points convincingly to the conclusion that the sentencing justice has without justification imposed a sentence which is grossly disparate from sentences generally imposed for similar offenses."Gordon at 530 (quoting State v. Fortes, 114 R.I. 161, 173,330 A.2d 404, 411 (1975)). The defendant bears the burden of proving that the sentence violates this standard. See State v.Ouimette, 479 A.2d 702, 704 (R.I. 1984).
At the core of such an analysis is the proposition that the trial justice has the authority to impose a more severe punishment than the sentence recommended by the prosecution.See, Leonardo v. State, 444 A.2d 876, 877 (R.I. 1982). This reasoning is reflected in G.L. 1956 (1981 Reenactment) § 12-19-2, which grants the trial justice much discretion in determining the sentence to be imposed in a given case. Thus, it is within his or her discretion to increase the sentence in conformity with the circumstances of the particular crime involved. Gordon, 539 A.2d at 530. In reaching a decision, the trial justice is obligated solely to abide by the statutory limits, although benchmarks may be used as a guide in regard to the proportionality of the term imposed. Id. Other sentences for similar crimes may reveal a norm, but not a mandate. Id. The trial justice bears the burden of treating each defendant separately, focusing on the individual's unique background and character. Id. (citing State v. Bertoldi, 495 A.2d 247, 253 (R.I. 1985)). Other considerations of the trial judge include the gravity of the crime, deterrence to others and the appropriateness of the punishment for the crime. Id.
The trial justice in Gordon indicated that the deterrent purpose of criminal punishment greatly impacted upon his decision when sentencing the defendant. In asserting that deterrence was "paramount to his decision," the trial justice stated that the sentence would serve as a warning that criminal activity will not be tolerated. Similar considerations seemingly were factored into the decision in the instant case imposing the year and one half to serve in prison, coupled with the suspended sentence.
In conclusion, the relevant statutes in Rhode Island as well as the seminal cases regarding the latitude of a trial justice in sentencing a defendant, indicate clearly that the sentence imposed in the present matter was well-within the court's discretionary ambit of authority. Defendant's motion is denied.