[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
The defendant has moved this court to reduce his sentence, pursuant to Rule 35, R.Cr.P. The State strenuously objects to any sentence reduction.
The defendant is presently serving a life sentence imposed by this Court on October 22, 1987, after a jury had convicted him of second degree murder in connection with death of Leah Perry, a nineteen-month-old child. (Leah was not related to the defendant.) Defendant's conviction was affirmed by the Rhode Island Supreme Court on May 11, 1990. State v. Perry,574 A.2d 149 (R.I. 1990).
On April 3, 1991, a hearing was held on defendant's Rule 35 motion. Defendant's counsel (who was not his trial counsel) called five witnesses, two of whom were the defendant and his mother. The other three witnesses are, as is this defendant, members of the Narragansett Indian Tribe. In essence, these three witnesses attested to what they believed to be the defendant's generally good behavior and the optimistic prospects of his being well-received in the tribal community upon his release from incarceration. It was also suggested that a full panoply of counseling services could be made available to the defendant if he were released.
At the hearing, the defendant's mother insisted that he did not commit the offense of which he now stands convicted. The defendant persisted in his denials, as he did at trial, that he is not guilty of causing the child's death.
The Court has also received from defendant's counsel several letters on his behalf. In addition, it is also claimed that the defendant should be entitled to some leniency because he has behaved well during his incarceration.
A motion for sentence reduction is essentially a plea forpost hoc leniency and is addressed to the sound discretion of the court. Rule 35 is intended to cede to a convicted felon a chance to persuade the court that the original sentence was excessive. The motion also provides the court with an opportunity to reconsider the sentence in light of any further information about the defendant or the case which may have been presented in the interim. State v. Byrnes, 456 A.2d 742, 744-45 (R.I. 1983);State v. Upham, 439 A.2d 912 (R.I. 1982).
Neither the testimony of the defendant's witnesses at the April 3 hearing nor the supporting letters written on his behalf can, by themselves, upset an otherwise just sentence. The defendant suggests that consideration be afforded because he has been a model prisoner. Such deportment is not, however, relevant to the Court's determination of a motion to reduce sentence.State v. Upham, supra, 439 A.2d at 914.
The Court finds disturbing the defendant's continued and abject failure to accept responsibility for the death of the child. The evidence at the trial overwhelmingly demonstrated that this defendant physically abused Leah. Indeed, the most telling of such evidence was a videotape of the defendant voluntarily confessing such abuse and recounting instances where he had struck the child.
The defendant's utter lack of remorse and his constant and mendacious disclaimers of culpability before the jury and this Court are, by themselves, sufficient to deny his petition. See,State v. Bertoldi, 495 A.2d 247, 253-54 (R.I. 1985) (holding that a sentencing judge may take into account a defendant's willingness to lie under oath while testifying in his own behalf).
The evidence at trial was not limited to the defendant's admissions contained in the videotape. There was other ample evidence which demonstrated his sadistic abuse of the child. That evidence indicated that the defendant struck the child with a leg from a broken table, immersed her in a cold bucket of water, and burned her buttocks with a heated curling iron.
Given the enormity of the crime and this defendant's continuous disclaimers of guilt in the face of overwhelming contrary evidence, there is little, if anything, which commends the defendant's motion to reduce his sentence. To grant such a request would do scant justice to the magnitude of the criminal transgressions which he committed. This Court is of no mind to relax the full measure of the sentence earlier imposed.
For all the foregoing reasons, the defendant's motion to reduce his sentence is denied.