STATE

v.

Joseph BOTELHO.

No. 94–632–C.A.

Supreme Court of Rhode Island.

March 23, 1995.

Aaron Weisman, Providence.

Richard K. Corley, Providence.

ORDER

This case came before us for oral argument on March 16, 1995 pursuant to an order that had directed the parties to appear in order to show cause why this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues should be summarily decided.

The defendant, Joseph Botelho, has appealed from the denial of his motion to reduce a sentence which was imposed after he was found to be a probation violator, having been previously placed upon probation for earlier charges. The basis for the finding of violation was an assault upon one Lisa Martineau. The trial justice sentenced the defendant to serve five years of a previously suspended sentence.

Thereafter, on March 14, 1994, the defendant filed a motion to reduce his sentence. This motion was heard by the same justice who had ordered the previously suspended sentence to be served by defendant for having committed the violation. The defendant argued in support of his motion to reduce sentence that the complaining witness had committed a number of criminal offenses and that the assault charge which constituted his violation had been dismissed in District Court. It appeared that the assault charges were dismissed because the complaining witness failed to appear at the District Court trial.

The trial justice determined that the criminal conduct of the complaining witness was irrelevant and her failure to testify in respect to the assault charges had no effect upon the testimony that she had given in support of defendant's violation of probation. In so finding the trial justice committed no error of law. The motion to reduce sentence was addressed in the sound discretion of the trial justice. *State v. Tiernan,* 645 A.2d 482, 484 (R.I.1994) and will not be disturbed save upon a finding of an abuse of discretion and in the rarest of cases, *State v. Upham,* 439 A.2d 912, 913 (R.I.1982). In the case at bar, we find no abuse of discretion on the part of the trial justice in declining to reduce defendant's sentence.

Consequently, the defendant's appeal is denied and dismissed. The denial of the motion to reduce sentence is affirmed.