STATE

v.

**Bernard E. McMAUGH.**

No. 95–446–C.A.

Supreme Court of Rhode Island.

March 19, 1996.

Andrea Mendes, Special Asst. Atty. General, Aaron Weisman, Asst. Atty. General, for Plaintiff.

Paula Lynch Hardiman, Paula Rosin and John E. Lovoy, Asst. Public Defenders, for Defendant.

1. The convictions of Ann McMaugh were subsequently vacated by this court in *McMaugh v.*

## OPINION

PER CURIAM.

This matter came before the court on January 25, 1996, pursuant to an order directing the defendant, Bernard E. McMaugh, to appear and show cause why his appeal should not be summarily decided. The defendant appeals from a Superior Court order denying his motion for a reduction of sentence. After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown and that the issues raised by this appeal will be decided at this time.

In 1985 defendant and his wife, Ann McMaugh, were convicted of first-degree murder, conspiracy, and carrying a pistol without a license. In addition, defendant was convicted of assault with a dangerous weapon. The convictions of both the defendant and his wife were affirmed by this court in *State v. McMaugh,* 512 A.2d 824 (R.I. 1986).[1]

The trial justice ordered both defendant and his wife to serve mandatory life sentences for the first-degree-murder convictions. For the conviction of conspiracy, however, defendant received a ten-year consecutive sentence while his wife received a ten-year concurrent sentence. On appeal, defendant challenges the disparity between the *consecutive* sentence he received and the *concurrent* sentence his wife received for committing the same offense.

This court has the inherent authority to review a sentence alleged to be excessive that is within statutory limits. Our role in reviewing a trial court's decision on a defendant's Rule 35 motion is limited. *State v. Ouimette,* 479 A.2d 702, 704 (R.I.1984); *State v. Fortes,* 114 R.I. 161, 173, 330 A.2d 404, 411 (1975). "[O]nly when the record unswervingly points to the conclusion that there is no 'justification' for the imposition of a sentence that is 'grossly disparate from sentences generally imposed for similar of-

*State,* 612 A.2d 725 (R.I.1992). That case was remanded to the Superior Court for a new trial.

fenses'" shall we interfere with the trial justice's discretion. *State v. Crescenzo*, 114 R.I. 242, 263, 332 A.2d 421, 433 (1975); *see also State v. Upham*, 439 A.2d 912, 913 (R.I. 1982).

█ The defendant claims that it was his status as a gun owner that prompted the trial justice to impose a harsher sentence on him. However, a review of the record reveals that the trial justice based her decision on evidence that tended to establish that defendant was the primary perpetrator of the conspiracy. The trial justice reasoned that it was defendant who, after arguing with the victim, went home to his arsenal of weapons to select certain guns to bring back with him. Upon returning to the scene of the argument, defendant himself called the victim over to his motor vehicle moments before the fatal shots were fired. We are of the opinion that the evidence supported the theory that defendant was the prime mover in the conspiracy, justifying his more severe sentence.

█ The defendant's final claim of error on appeal is that the trial justice should have recused herself because she had previously held him in contempt of court during his wife's post-conviction-relief hearing. It is well settled that a complainant bears the burden of proving that the trial justice should have recused himself or herself because of a preconceived or settled opinion regarding the character of a defendant. *Cavanagh v. Cavanagh*, 118 R.I. 608, 621–22, 375 A.2d 911, 917 (1977). Here, the justice's order holding the defendant in contempt for refusing to testify without legal justification was entirely proper. The justice stated that she bore no ill will toward defendant and felt utterly neutral in the matter. In our opinion the defendant has failed to demonstrate that the sentencing justice was incapable of rendering a fair and impartial decision. Consequently the request for recusal was properly denied.

For the reasons stated, the defendant's appeal is denied and dismissed. The order appealed from is affirmed, and the papers of the case are remanded to the Superior Court.