## STATE

v.

## Phillip BRUNO.

No. 96–29–C.A.

Supreme Court of Rhode Island.

Oct. 17, 1996.

Lauren Zurier, Aaron Weisman, Providence.

Paula Lynch Hardiman, Paula Rosin, Providence.

## ORDER

This matter came before the Court for oral argument on October 7, 1996, pursuant to an order directing the defendant to appear and show cause why the issues raised by the defendant's appeal from a Superior Court justice's denial of his motion to reduce sentence filed, pursuant to Super.R.Crim.P. 35, in the Superior Court should not be summarily decided.

After hearing the arguments of counsel and considering the memoranda submitted by both of the parties, we are of the opinion that cause has not been shown. The issues raised in the appeal will be decided at this time.

On March 2, 1991, at approximately 5:10 a.m., there was an armed robbery of an X-tra Mart on Chalkstone Avenue in Providence. The defendant, Phillip Bruno, was arrested and charged with that crime. On April 26, 1991, shortly after he was arrested, the defendant entered a drug-rehabilitation residential program at Marathon House. He completed that program on November 3, 1991.

After a jury-waived trial held in September 1993, the defendant was convicted of the armed robbery of the X-tra Mart. Before sentencing, a court-ordered psychiatric examination was conducted by Dr. James E. Greer (Dr. Greer) who thereafter submitted his report and evaluation to the court. After examining Dr. Greer's report which contained reservations about the defendant's ability to be rehabilitated, the trial justice, on December 15, 1993, sentenced the defendant to 30 years, fifteen to serve, fifteen suspended with probation. That conviction was affirmed by this Court on April 3, 1995. *See State v. Bruno,* 656 A.2d 948 (R.I.1995).

The defendant filed a motion to reduce sentence on May 16, 1995. In support of his motion, the defendant submitted a letter from Dr. Greer which contained an updated evaluation of the defendant. According to Dr. Greer's letter, the defendant had, since the sentence on the armed robbery conviction was originally imposed, become more understanding of his drug use and more willing to accept responsibility for his past criminal behavior. Nevertheless, Dr. Greer felt that "careful monitoring," a "well defined and structured treatment plan," and "very long term support" from "group based programming" was still necessary in order for the defendant to avoid future drug use and criminal activities. Based on that updated evaluation and cautious recommendation, the trial justice refused to reduce the defendant's sentence and, accordingly, denied his motion to reduce sentence on July 27, 1995.

We conclude that the trial justice's denial of the defendant's motion to reduce sentence was not an abuse of discretion. Although the Superior Court's sentencing benchmark for armed robbery is ten to twelve years, the benchmarks apply only in situations where there is "no criminal history." Since the defendant here did have prior contacts with the criminal justice system, the benchmarks

were not applicable to the defendant's situation and the sentence originally imposed for the armed robbery conviction was proper. *See State v. Gordon,* 539 A.2d 528, 530 (R.I. 1988).

Additionally, the trial justice did not misconstrue Dr. Greer's letter filed with the motion to reduce sentence. There was nothing in that letter that warranted a reduction of the defendant's sentence. The letter indicated that the defendant still required continued "long term," "careful," "well defined and structured" monitoring, treatment and support and it was well within the trial justice's discretion to conclude that the updated evaluations contained in Dr. Greer's letter did not justify a reduction of the defendant's original sentence. Accordingly, the denial of the motion to reduce sentence was not an abuse of discretion.

The trial justice's misinterpretation of the parole guidelines at the hearing on the motion to reduce sentence does not affect the conclusion of this Court since, regardless of when the defendant was entitled to parole, there was no independent basis on which to reduce the defendant's sentence, which, as already discussed, was proper when imposed.

For all of the foregoing reasons, the defendant's appeal is denied and dismissed, the denial of the motion to reduce sentence appealed from is affirmed, and the papers in this case are remanded to the Superior Court.